FRANK J. LINNE *et al. vs.* WILLIAM FORRESTAL *et al.*

Argued Oct. 24, 1892. Decided Nov. 4, 1892.

**New Trial.**

An order setting aside a verdict affirmed, under the rule in *Hicks* **v.** *Stone*, 13 Minn. 434, (Gil. 398.)

APPEAL FROM CLERK'S TAXATION OF COSTS.

Argued Nov. 21, 1892. Decided Nov. 21, 1892.

**Costs on Appeal—Bill of Exceptions.**

Where a bill of exceptions is prepared for, and used on, a motion for a new trial, which is granted, with costs of motion, the expense of preparing such bill of exceptions is not taxable in the supreme court on an appeal from the order granting the new trial.

Appeal by plaintiffs, Frank J. Linne and S. P. Spates, partners as F. J. Linne & Co., from an order of the District Court of Ramsey County, *Kerr*, J., made February 9, 1892, granting a new trial.

October 24, 1889, James Forrestal made a contract with the city of St. Paul to construct for it certain sewers. He, as principal, and John Bell, Terence Kinney, George Mitsch and James G. Donnelly, as sureties, executed to the city, for the use of all persons who might perform labor or furnish material in the execution of the contract, a bond conditioned to pay all just claims for such labor and material. Forrestal Bros., a copartnership composed of James Forrestal and William Forrestal, entered upon the performance of this contract and continued the work up to October 8, 1890. F. J. Linne

& Co., between March 1, 1890, and August 1, 1890, furnished For-
restal Bros. for use in the execution of this contract, brick and
sewer-pipe of the value of $2,166.90, of which sum Forrestal Bros.
paid them $986.00, leaving a balance of $1,180.90 unpaid.

This action was brought by the plaintiffs, against the Forrestals, and
against the sureties on the above bond, to recover this balance. One of
the defenses pleaded by the sureties was, that without their knowledge,
the plaintiffs, at the request of James Forrestal, when the debt became
due, for a valuable consideration extended the time of payment, and
thereby released them as sureties. The evidence at the trial dis-
closed these facts: In May, 1890, plaintiffs organized a corporation
known as the Twin City Lime and Cement Company, which on June
1, 1890, succeeded to the business and assets of F. J. Linne & Co.
The bills for materials furnished by plaintiffs after that date were
rendered by the corporation. On September 3, 1890, the debt to
plaintiffs was past due, and S. P. Spates, one of the plaintiffs, wrote
to Forrestal Bros. a letter inclosing a sixty-day note for $900, pay-
able to the company, requesting Forrestal Bros. to sign it. This
they did, and the company procured the note to be discounted and
received the money on it, crediting Forrestal Bros. with $900 on the
account for the materials furnished. The note was never paid by
the Forrestals. The defendants claimed that the giving of this note
operated to release them from liability for so much of the account.
The plaintiffs claimed that the note was given as collateral or
merely as an accommodation to the Twin City Lime and Cement
Company. They based this claim upon the testimony of Spates,
that before he wrote the letter above referred to, he went to the of-
fice of Forrestal Bros. and asked one Welker, their book-keeper, for
money on the account; that Welker told him they had none, and
that he then told Welker that Linne & Co. were indebted to the
Twin City Lime and Cement Company for these brick, that it needed
money, and that if the Forrestals could not pay money, the company
would like an accommodation note on which they could raise money
at the bank; that Welker said he would write James Forrestal
about it, and that afterwards the note was received. Welker denied
this conversation.

The jury found a verdict against James Forrestal for $1,301.12, and a verdict against the sureties for $1,154.81, the difference being accounted for by evidence that some of the brick were not used in the sewers. The motion of the sureties for a new trial was granted unless plaintiffs should remit from the verdict the sum of $900, the amount of the note above referred to. This plaintiffs refused to do, and appealed from the order.

*Warren H. Mead,* for appellants.

*John B. & E. P. Sanborn,* for respondents.

GILFILLAN, C. J. Conceding that, as claimed by plaintiffs, Forrestal was bound by what was said between Spates and Welker, still the preponderance of the evidence on the issue as to the $900 note was, when the probabilities of the case are taken into account, against the verdict. Forrestal owed the plaintiffs; the latter owed the cement company and seem to have had no money to pay it; and Forrestal had no money to pay plaintiffs, whereupon they requested that he give his note to the cement company, and he did so. It is hard to believe that he gave it merely for the accommodation of the cement company, there being no reason apparent in the relations of the parties why he should do so. The more reasonable inference would be that it was given on account of the debt he owed to plaintiffs, and for a part of it, either as a present payment or to operate as payment of so much of the debt when the note should be paid, in which latter case it would extend the time to pay so much of the debt. But, even were the preponderance of the evidence the other way, it certainly could not be claimed to be so much so as to take the case out of the rule in *Hicks* v. *Stone,* 13 Minn. 434, (Gil. 398.)

Order affirmed.

COLLINS, J., took no part in this decision.

(Opinion published 53 N. W. Rep. 547.)

---

APPEAL FROM CLERK'S TAXATION OF COSTS.

PER CURIAM. It is the rule of this court that expense incurred in preparing a "case" or bill of exceptions, if prepared for a motion for

a new trial, is not taxable as a disbursement in this court, but, if prepared for the appeal to this court, it is taxable. Therefore, if a motion for a new trial was made in the court below upon the "case" or bill of exceptions, such expense is not taxable here, either on an appeal from the judgment or from the order on the motion. If there was no such motion, it is taxable here.

Item disallowed.

(Opinion published 53 N. W. Rep. 653.)