FIRST NATIONAL BANK OF MANKATO v. EDMUND M. POPE
and Another.[1]

February 14, 1902.

Nos. 12,875—(205).

**Mortgage—Indorsement of Note without Assignment.**

Where a promissory note, secured by a mortgage on real estate, is indorsed and transferred to a purchaser without a formal assignment of the mortgage, the security follows the note, as an incident thereto. The purchaser becomes the equitable owner of the mortgage, acquiring an interest which enables him to deal with it for all purposes, unless it is expressly stipulated to the contrary by the parties to the transfer.

**Insolvency—Security Held by Creditor.**

G. S. 1894, § 4234, subd. 3, requires that a creditor holding security for a claim against an insolvent must either exhaust his security, or surrender it to the assignee, before he can participate in a distribution of the assets.

**Release by Creditor Holding Security.**

When proof of a debt is made in proceedings in insolvency without disclosing the fact that its payment is secured, a dividend is accepted by the creditor, a formal release is filed in accordance with the statute, and a judgment entered in the proceedings acquitting and discharging the insolvent from all debts and liabilities, it is conclusively established, except in cases of inadvertence or mistake, that the creditor has elected to waive and abandon his lien and release his security. His acts extinguish a mortgage, if that be the form of security.

**Same—Effect of Release.**

If the creditor of an insolvent waives and abandons his security by means of the acts before mentioned, the waiver and abandonment are complete and effectual, and operate to the benefit of the insolvent. All property rights which remain in the assignee at the time he is discharged from the duties of his trust revert to the insolvent, without any further or formal act.

Action in the district court for Blue Earth county to foreclose a real-estate mortgage. The case was tried before Cadwell, J.,

[1] Reported in 89 N. W. 318.

85 M.—28

who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Reversed.

*Benjamin C. Taylor* and *W. E. Young*, for appellants.

*Severance & Andrews*, for respondent.

COLLINS, J.

The question presented for decision by this appeal may be thus stated: When promissory notes secured by mortgage on real estate have been indorsed, transferred, and sold by the payee (mortgagee) without a formal assignment of the mortgage, and the purchaser files a claim as a creditor for the amount due against the estate of the payer, who has in the meantime been adjudged an insolvent under our state insolvency laws, which claim is allowed, a dividend is paid and accepted in common with unsecured creditors, the required release of all claims and demands against the insolvent duly filed by the creditor, and thereupon judgment is duly entered in the insolvency proceedings acquitting and discharging the insolvent of and from all claims, debts, and liabilities existing on the day of the assignment, held by creditors who have filed releases, which judgment specifically names this creditor, among others, can he, upon procuring a formal assignment of the mortgage, be allowed to foreclose the same to satisfy a balance alleged to be due on the mortgage debt? The court below held that the creditor had the right to foreclose; and the mortgagor defendants, the insolvent and his wife, appealed from an order denying their motion for a new trial.

We are compelled to answer this question in the negative and to reverse the order appealed from. G. S. 1894, § 4234, subd. 3 (the insolvency statute), provides that no debts for which a creditor holds a mortgage, pledge, or other security shall be paid by the assignee until the creditor shall have first exhausted his security, or shall have surrendered or released it to the assignee. Although Willard, the mortgagee, made no formal assignment when he indorsed and transferred the notes to the present plaintiff, a national bank, the mortgage followed the debt as an incident thereto. That transfer carried with it the security and all remedies which Willard had or held. Kinney v. Duluth Ore Co., 58 Minn. 455, 60 N. W. 23. The plaintiff, through the indorsement

and transfer of the notes, acquired an equitable interest in the mortgage which enabled it to deal with that instrument for all purposes. Nelson v. Ferris, 30 Mich. 497. Unless it is expressly stipulated to the contrary by the parties to the transfer, this is the rule. Pingrey, Mortg. § 980, and cases cited. And it makes no difference that the purchaser of the note is a national bank, not authorized to take real estate security, and, further, that it did not know that the notes were secured. George v. Somerville, 153 Mo. 7, 54 S. W. 491.

Whether the plaintiff in this action knew or did not know of the mortgage at the time it took part in the insolvency proceedings was not shown at the trial. In the case of Nicolay v. Mallery, 62 Minn. 119, 64 N. W. 108, it appeared that in insolvency proceedings a judgment of the court was entered, releasing the insolvents from all claims held by creditors who had filed releases. One creditor filed a claim, and also a release, in very broad terms, and took the dividend, as declared, upon that claim. He held another separate and distinct demand, secured by a mortgage; but he did not file it, and it was unknown in the proceedings. It was there held that the personal liability of the insolvent was discharged as to this second claim by the formal release, but that the mortgage security was not. The strong intimation in that case is that, had the creditor filed his secured claim and accepted a dividend, he would not thereafter be permitted to enforce the mortgage.

Under the insolvency statute, a creditor holding security for his claim against an insolvent may file it for allowance; but, before he can be allowed to participate in the distribution of assets, he either must exhaust his security, or surrender it to the assignee. Swedish-Am. Nat. Bank v. Davis, 64 Minn. 250, 66 N. W. 986. The statute is explicit and imperative upon this point. In cases arising under the national bankruptcy act of 1867, which contains a provision not materially different, it has usually been held that proving a debt as unsecured, and taking a dividend, operate as a waiver and release of all security held by the creditor. In re Bloss, 3 Fed. Cas. 733 (No. 1,562); In re Jaycox, 13 Fed. Cas. 409 (No. 7,242), and citations. See also Scott v. Ellery, 142 U. S. 381,

12 Sup. Ct. 233. In the state courts it has generally been decided, both under the federal bankruptcy laws and state insolvency statutes, that, if a secured creditor fails to disclose the fact when making proof of his claim, he thereby waives and abandons his security in so far as the debt proved is concerned. 16 Am. & Eng. Enc. (2d Ed.) 677, with cases cited in note 3. This rule is in the interest of, and will promote equality among, creditors; for the injustice of permitting a secured creditor to withhold information of the fact, and to participate in dividends equally with unsecured creditors, is obvious. This is also the doctrine in cases arising under the bankruptcy laws of Great Britain. Cowper v. Green, 7 Mees. & W. 633; Cragoe v. Jones, L. R. 8 Exch. 81; Ward v. National, 8 App. Cas. 755.

Following this rule, and in the interest of equality between the creditors of an insolvent, and to compel good faith in their dealings with assignees, we are obliged to hold that when proof of a claim is made, without disclosing the fact of security, a dividend is accepted by the creditor, a formal release is filed, and a judgment is entered acquitting and discharging the insolvent from all debts and liabilities, these acts of the creditor are to be considered as conclusively establishing his election to waive and abandon his lien and to release his security. His acts extinguish a mortgage, if that be the form of security. There may be cases where a creditor's acts of this nature have been performed inadvertently and by mistake, in which case he may be relieved of the usual result and consequences. Nichols v. Smith, 143 Mass. 455, 9 N. E. 810, and cases cited. But nothing of that kind is presented here.

It is argued that, when the condition prescribed by the statute has not been exacted by the assignee (that is, when payment of the dividend has been made without compelling the exhausting or the surrender of the security), there has been no waiver or abandonment, and the security may be looked to for further payment. This contention excludes from consideration the fact that the statute requiring that security be first exhausted or surrendered was designed for the benefit and protection of the unsecured, in

the interest of equality, and not for the advantage of the secured, creditor.

It is also argued by counsel for the plaintiff that the assignee in insolvency is the only person who can question the right of their client to foreclose this mortgage. This suggestion is without merit. If a creditor waives and abandons his security by failing to exhaust or surrender it as required by statute, the waiver and abandonment are, as a general rule, effectual and complete as to all persons. It is certain a waiver and abandonment as to the insolvent operates to his benefit, and he can assert that the security has been released and extinguished at any time after his discharge. All rights in property which remain in an assignee in insolvency at the time he is discharged from the duties of his trust revert to the insolvent, without any further or formal act. King v. Remington, 36 Minn. 15, 29 N. W. 352.

Our conclusion on this main question disposes of the case, and the order is reversed and a new trial granted.