## SADIE WADLEIGH v. DULUTH STREET RAILWAY COMPANY and Another.[1]

June 24, 1904.

Nos. 13,855—(120).

**Verdict Excessive.**

Action to recover damages for personal injuries resulting from the admitted negligence of defendants in the operation of a street car system. *Held*, that the verdict is excessive, and a new trial ordered, unless respondent consents to a reduction in the amount thereof to $3,500.

On Appeal from Taxation of Costs.

July 15, 1904.

**Taxation of Costs.**

Chapter 239, p. 359, Laws 1903, authorizes the taxation by a prevailing appellant of such reasonable sum as may have been paid to a surety company for an appeal bond.

Action in the district court for St. Louis county to recover $16,000 for personal injuries. The case was tried before Dibell, J., and a jury, which rendered a verdict in favor of plaintiff for $5,500. From an order denying a motion for a new trial, defendants appealed. Affirmed on condition.

*Thomas S. Wood,* for appellants.

*Jno. Jenswold, Jr.,* for respondent.

DOUGLAS, J.

Action by plaintiff to recover damages for personal injuries resulting in a verdict for $5,500. From an order denying their motion for a new trial, defendants appeal.

On June 29, 1903, one of appellants' street cars collided with another standing upon their track. As a result, respondent, a passenger on the forward car, was thrown violently to the floor in the rear vestibule, and received the injury complained of. The collision was of

[1] Reported in 100 N. W. 104, 362.

sufficient force to break the windows in the vestibules of both cars. She was helped to the street, and, after sitting down for a moment, walked, without assistance, to the third floor of a flat building immediately adjacent thereto, which was occupied by a friend. Respondent was a woman twenty three years old, in good health, weighing one hundred eighty three pounds, and, it is apparent, received a very severe shock, and was somewhat bruised. She immediately complained of pains in the neck, called a physician about two hours later, and was confined to her bed approximately two weeks. Evidence was offered at the trial tending to show that she thereafter suffered a good deal of pain and had a number of hemorrhages, which were attributable to this injury. She continued in bed periodically, or remained in a partially helpless condition, up to the time of the trial, about sixty days later. At this time her temperature was above normal, and she weighed about one hundred forty pounds.

No evidence was offered tending to show permanent injury, except that of her physician, who testified that on one examination of her urine, which was not very satisfactorily verified, he discovered albumen. This, if it existed therein, clearly indicates a dangerous condition. However, an examination of urine more carefully verified, made shortly thereafter, in the presence of her physician, by physicians called on behalf of appellants, failed to disclose albumen. Much of the evidence offered on behalf of respondent was that of relatives and an intimate friend, Mr. Jordan. At one stage in his examination Mr. Jordan stated he could not say whether he did or did not advise the respondent immediately after the injury to go to bed, and thus make out a good case against appellants. His statements were afterwards qualified to the effect that he had taken an interest in the case, and advised her shortly after the injury that "she was a bigger fool that he thought unless she instituted an action for damages." Some of her relatives testified that respondent lost at least five quarts of blood at one time, and one expert informs us that such a loss, within his experience, had always produced death. The evidence of her relatives differs from that of her physician, and in many particulars bears marks of exaggeration.

Appellants admit that the collision referred to was the result of their negligence, and also concede their liability to respondent for all damages sustained by her therefrom, but assign as error that the verdict

is not supported by the evidence, and was rendered under the influence of passion or prejudice on behalf of the jury.

Upon the record we are of the opinion that it does not appear by a preponderance of evidence that respondent has sustained permanent injuries from the act complained of, and we are convinced that the verdict was excessive. Lammers v. Great Northern Ry. Co., 82 Minn. 120, 84 N. W. 728. In a cause of this nature, where it is clear respondent is entitled, under rules of procedure which are settled, to recover substantial damages, we experience difficulty in establishing a line of demarcation between the amount she is entitled to and that which we are compelled to say is excessive. In extending to respondent the privilege of accepting a lesser sum, we are, in view of the verdict and its approval, inclined to deal leniently with much of the evidence presented, and give her the benefit of every doubt. Upon the most liberal hypothesis, we are of the opinion the evidence does not sustain a verdict for a sum in excess of $3,500.

It is therefore ordered that a new trial be granted unless respondent files a written stipulation in the court below within twenty days after filing of the remittitur, consenting to the reduction of such verdict to the sum of $3,500. If this is done, judgment may be entered for said amount, with interest.

On July 15, 1904, the following opinion was filed:

PER CURIAM.

Appeal from the clerk's taxation of costs. The appellant included in his disbursements an item of $32.50 for premium paid to a surety company for an appeal bond which was disallowed. The action of the clerk was in accordance with the former rulings of the court, but it is here claimed that the disbursement is made taxable by the provisions of chapter 239, p. 359, Laws 1903. No question is made as to the constitutionality of the act. We are of the opinion that the statute justifies the claim, and that the item is taxable. It is true, as respondent urges, that the amount authorized to be taxed for premium paid on appeal bond is limited to a reasonable amount, but there is nothing in the record to support the claim that the amount paid was unreasonable. The affidavit of defendant's counsel states that the sum was actually

and necessarily paid. The amount so paid does not exceed the maximum amount allowed by the statute, and prima facie it is reasonable. The clerk also disallowed an item of $65, paid for a transcript of the testimony for the purpose of making a motion for a new trial in the district court. This action of the clerk was correct. Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; Linne v. Forrestal, 51 Minn 249, 53 N. W. 547, 653. The clerk's taxation is modified by allowing the item of $32.50 paid for premiums on the bond.