JAMES BLOOMER v. HANNAH BURKE and Others.[1]

December 23, 1904.

Nos. 14,090—(141).

**Foreclosure of Mortgage—Sale of Copy of Mortgage Note.**

· B. and wife executed a mortgage upon their homestead to E. to secure payment of a promissory note for $3,700, due five years from date, interest payable annually at the office of E. according to the terms of coupon notes attached, and contemporaneously therewith executed and delivered to E. a deed conveying the premises, the consideration of which was expressed by oral agreement that E. would protect title to the premises and furnish grantors a home thereon, and support them during their lives. After the mortgage and before the deed was recorded, E. presented a copy of the original note to respondent, representing it to be the original, and in consideration of $3,700 sold, assigned, and transferred to him the note and mortgage, assignment of the latter being executed upon the back of the note. Subsequently to the recording of the deed E. conveyed the premises, and as a part of the purchase price received a mortgage thereon for $5,000, which was assigned to appellant.

This action having been brought by appellant to foreclose the mortgage, *held*:

1. The evidence justified a finding of the trial court that it was not the intention of B. and wife, in conveying the premises by deed to E., to thereby pay off the mortgage executed contemporaneously therewith.

2. The evidence was sufficient to sustain a finding that E., for a valuable consideration, transferred, sold, and assigned all his right, title, and interest in the original note and the mortgage to respondent.

3. The fact that at the trial of the action it appeared that respondent was deceived by the representations of E., and accepted a copy of the note for the original, and that the original was unaccounted for, did not render respondent's lien subservient to the subsequent lien acquired by appellant.

Appeal by defendant George Meyer from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial, after a trial and findings in favor of plaintiff. Affirmed.

*John F. Fitzpatrick*, for appellant.

*William G. White*, for respondent.

[1] Reported in 101 N. W. 974.

LEWIS, J.

Action to foreclose a mortgage alleged to have been executed by Hannah Burke and David Burke, her husband, upon certain property in St. Paul, executed to secure a promissory note of $3,700, the note and mortgage having been executed in the first instance to Casper Ernst and assigned to plaintiff.

Defendant George Meyer is the only defendant who appeared and answered, and he admits the execution of the note and mortgage; alleges that March 16, 1898, the Burkes executed and delivered to Ernst their warranty deed by which they conveyed the premises covered by the mortgage to Ernst in full satisfaction of the mortgage; that Ernst occupied the premises with his wife as their homestead, and July 16, 1903, conveyed the premises to defendant Julia E. Bowen by proper warranty deed, and to secure a part of the purchase price the Bowens executed and delivered to Ernst a mortgage for $5,000, dated August 20, 1903, which was duly recorded, and subsequently thereto sold and assigned, for full value, to defendant Meyer. The answer contains a general denial, and alleges that defendant never had any notice of plaintiff's claim or interest in the estate.

The trial court found that the note and mortgage were executed by the Burkes to Ernst March 14, 1898, the note being for $3,700, at the rate of seven per cent. interest, payable at the office of C. Ernst & Co., St. Paul; that the mortgage was acknowledged March 18, 1898, and recorded March 19, 1898, in the proper registry office; that there was a prior mortgage upon the premises of about $3,700, and that the mortgage and note were executed and delivered by the Burkes to Ernst, their son-in-law, pursuant to an oral agreement that he would pay off the prior mortgage, which was the only consideration therefor. The court also found that, contemporaneously with the execution and delivery of the mortgage and note, the Burkes executed and delivered to Ernst a warranty deed, of date March 16, 1898, the consideration named therein being $12,500, which was acknowledged March 18, 1898, and recorded in the proper registry December 4, 1901. The actual consideration, however, was an oral agreement that Ernst would protect the title to the premises, and furnish the Burkes a home thereon and support them during their lives. The court further found that it was not the intention of the parties that the deed and mortgage should

merge; that in August, 1900, Ernst represented to plaintiff that he was the owner and holder of the note and mortgage, that the same were in full force and effect, and that the mortgage was a valid lien upon the premises, and that plaintiff, so believing, and having no notice of the subsequent deed, purchased the note and mortgage, and paid therefor the sum of $3,700, whereupon Ernst delivered to plaintiff the original mortgage without any written assignment thereof, save as hereinafter stated, and delivered to him a copy of the note, which upon its face appeared to be the original, and which he then and ever afterwards believed to be the original, as represented; and upon the back of the copy of the note was the following assignment:

> For value received, I hereby assign and transfer the within note, together with all my interest in all my rights under the mortgage securing the same to James Bloomer with recourse.
> Aug. 20, 1900.

—which assignment was then and there signed by Ernst. The court found that the interest was paid to March, 1903, and that it does not appear what became of the original note. It was also found that Ernst was in possession of the premises as his homestead from the time of the execution of the deed, and that during all of the time mentioned the Burkes have resided there. The court found that Meyer did not at any time have any actual notice or knowledge of any right or claim by plaintiff in, upon, or to the premises, or that the note or mortgage executed by the Burkes to Ernst had ever been transferred or disposed of in any manner to any one. As a conclusion of law the court held there was no merger of the mortgage and deed; that the title to the note and mortgage passed to plaintiff; that the title of defendants Bowen and the lien of the mortgage of defendant Meyer are subject to the lien of plaintiff, who was entitled to have his mortgage foreclosed and the premises sold to pay the same.

There were two distinct issues presented by the answer: First, that the deed executed by Mr. and Mrs. Burke to Ernst operated as a payment of the mortgage and was a full satisfaction thereof; second, denial of the sale and transfer of the note and mortgage to plaintiff. The assignments of error will only be considered with reference to these two issues.

94 M.—2

1. The finding of the court that the deed and mortgage were executed contemporaneously and that it was the intention of the parties that they should not merge is supported by the evidence. While there is some ground for the claim that in executing and delivering to their son-in-law a deed of their homestead it was the intention of Mr. and Mrs. Burke to provide for themselves a future. home, and for their support by him, and as a part of the consideration for such support and the conveyance of the property the mortgage be considered paid and canceled, on the other hand there was a prior incumbrance upon the premises, and they may have intrusted their son-in-law with the new mortgage for the express purpose of negotiating the same in order to raise the funds to pay off the former one. Ernst's actions were consistent with this theory. He retained the mortgage in his possession, caused it to be recorded, and did not record the deed until more than three years subsequent, and in assigning the mortgage and note to plaintiff it is reasonable to assume that in executing both instruments at the same time the Burkes intended to give force and effect to both, nothing to the contrary appearing upon their face.

2. The court found that Ernst sold the note and mortgage to plaintiff in consideration of $3,700, and that the title to the same passed to plaintiff. While the original note was unaccounted for, and a copy of it was presented to plaintiff, and represented to him as being the original, and the written assignment was upon the back of the copy, this would not affect the validity of the transaction, and the title to the note and mortgage passed. The finding of the court in this respect is not attacked, and the only question requiring consideration is, how are the respective rights of defendant Meyer and plaintiff affected by the fact that the original note was not delivered to plaintiff by Ernst, and the possibility that it may hereafter turn up in the hands of some innocent purchaser?

It is true that the transfer of a negotiable promissory note secured by a mortgage carries the security as an incident. First Nat. Bank of Mankato v. Pope, 85 Minn. 433, 89 N. W. 318. But does it follow that the burden of proof was upon plaintiff to account for the outstanding original note, and, when it appeared during the course of the trial that such note was not accounted for, there was a complete failure of proof of title in plaintiff? The court found specifically that the

note and mortgage were executed and delivered to Ernst; that plaintiff agreed to purchase the same, and that pursuant to such agreement, August 22, 1900, plaintiff paid Ernst the sum of $3,700 for the note and mortgage, and that Ernst sold the same to plaintiff. Since there was an original note executed, running with the mortgage, it is immaterial whether Ernst represented a copy to be the original, and whether plaintiff accepted such copy as the original. The note was sold by Ernst and acquired by plaintiff, and the mortgage was assigned to him. If he, by purchase, acquired the original note, but through some mistake or fraud of Ernst did not get possession of it, he nevertheless acquired title.

Assuming, however, that as against a bona fide holder of the note defendant Meyer took the chances as to its validity, does it follow that as between plaintiff and defendant the latter has acquired prior equities, so that in this proceeding he is in a position to prevent plaintiff from enforcing his lien? The mortgage in question was put upon record, and at the time defendant, some three years later, took an assignment of his subsequent lien, an examination of the record would have disclosed the fact that the note was secured by mortgage due in five years, with interest, payable annually according to coupon notes at the office of C. Ernst & Co., St. Paul, Minnesota. There was no satisfaction of this mortgage. So far as the record disclosed, it was still valid, and the note outstanding. Under such circumstances he was called upon to pursue the inquiry and find out where the note was. If he had done so, and had been informed by Ernst that it had been assigned and transferred to plaintiff, then he would have received notice of plaintiff's claim; but even if he had ascertained the facts as they now appear, and had learned that a copy of the note represented as the original had been assigned to plaintiff, and that the original was unaccounted for, he would thereby have been charged with knowledge of plaintiff's rights, whatever they were. So far as this record shows, the equities of defendant Meyer are secondary in point of time to those of plaintiff, and he is in no position to urge the possibility of a new lien claimant appearing.

Order affirmed.