## JOHN KERSTEN v. ANNA KERSTEN.[1]

February 24, 1911.

Nos. 16,807—(145).

**Assignment of mortgage from husband to wife.**

A husband, during his lifetime, loaned money on the land of a third person and took a mortgage in his own name. This mortgage he assigned to his wife. It was put in a case or box, but not recorded. In an action by his son after his death, against the wife, it is *held*, first, that the evidence justified the trial court in finding that the assignment was delivered by the husband to his wife in his lifetime; second, that the assignment was not void under section 3609, R. L. 1905, forbidding contracts between husband and wife relative to the real estate of either.

Action in the district court for Carver county to recover $8,000, plaintiff's share in certain mortgages assigned by John Kersten, his father, to his stepmother. The complaint alleged that defendant was appointed administratrix of her husband's estate by the probate court of Carver county, but she failed to inventory the

[1]Reported in 129 N. W. 1051.

mortgages or cash belonging to the estate, and that there were no other persons than plaintiff and defendant interested in the estate. The answer set up the proceedings in the probate court in the settlement of the estate of John Kersten, deceased, and alleged that plaintiff had actual knowledge that none of the notes and mortgages were inventoried as a part of the property of decedent, and never at any time requested the representatives to list the property or to bring any action to determine the ownership of the notes and mortgages, but permitted the final account of the representatives to be adjusted and the final decree entered by the probate court; that after the entry of such decree plaintiff moved to have it set aside and the motion was denied on the merits. The reply was a general denial. The case was tried before Morrison, J., who made findings of fact and ordered judgment dismissing the action. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*W. R. Duxbury* and *P. D. Scannell,* for appellant.
*C. M. Tifft* and *John J. Fahey,* for respondent.

[JAGGARD, J.][1]

This action is brought by plaintiff and appellant, stepson of the defendant and respondent, against her to recover a share of described real estate mortgages. Plaintiff is the only child of his father, John Kersten, deceased, the husband of Anna Kersten, defendant. The final decree in his estate was entered on August 21, 1909. One controversy here involved is whether the mortgages were properly transferred to the defendant, Anna Kersten. Prior to his death, John Kersten duly assigned them to her. The question then arises whether the assignments were delivered.

Plaintiff has pressed upon our attention certain testimony tending to show a practice between the husband and wife, in dealing with mortgages, to take the mortgage from the party making the mortgage, and to assign it to the wife when the money belonged to the wife, and assign it to the husband when the money belonged to the husband, and leave it to be recorded and delivered after the death of the owner of the particular mortgage, so as to avoid the

[1] See per curiam order on page 26.

necessity of making a will or of probating an estate. If this were all the testimony on the subject, plaintiff's argument would have a cogency which it does not possess in view of other testimony on the subject.

For example, the wife testified positively that she had earned the money loaned; that her husband transacted the business for her, looking up the loans, and making out the papers. He then came back and gave her the mortgages and notes in each case. Among other things she testified: "A. Yes; I put it in my case. Q. You put it in your box? A. In my box, yes." There was much other testimony tending to show delivery. In the light of this record, it is our duty to sustain the finding of fact by the trial court that the assignments were delivered.

The final controversy is whether these assignments were void for the reason that they attempted to pass an interest in real estate in a transaction between husband and wife. Section 3609 of the Revised Laws of 1905 provides: "No contract between husband and wife relative to the real estate of either, or any interest therein, nor any power of attorney or other authority from the one to the other to convey real estate, or any interest therein, shall be valid; but in relation to all other subjects, either may be constituted the agent of the other, or contract with the other." In Phillips v. Blaker, 68 Minn. 152, 70 N. W. 1082, a mortgage executed by the husband to a wife on his real estate was held to be invalid, and to constitute no lien upon the land. It is obvious that that decision does not control this controversy. Here the land mortgaged belonged, not to the husband, but to a third person. On principle and authority both, there is no doubt that the husband has a right to assign to the wife a chose in action, the debt, to which the mortgage is but an incident. Johnson v. Carpenter, 7 Minn. 120 (176); McManaman v. Hinchley, 82 Minn. 296, 84 N. W. 1018; First National Bank v. Pope, 85 Minn. 433, 89 N. W. 318.

PER CURIAM.

For reasons given in the foregoing opinion, prepared by the late Justice JAGGARD, and in accordance with the conclusion reached by the court, the order appealed from is affirmed.