# EMIL A. LARSON v. O. J. TWETEN.
## ABE JOHNSON, INTERVENER.[1]

February 26, 1932.

No. 28,648.

[1]Reported in 241 N. W. 43.

*Martin O. Brandon* and *Owen V. Thompson,* for appellant.
*Jesse A. Schunk,* for defendant and intervener, respondents.

HOLT, J.

Plaintiff appeals from the judgment rendered against him.

The action was brought by plaintiff as owner of a 40-acre tract in Otter Tail county, this state, to enjoin the sheriff from selling the same under an execution upon a judgment rendered in the district court of that county in favor of Abe Johnson against Edward Larson, the father of plaintiff. Abe Johnson, the judgment creditor, filed a complaint in intervention claiming that Edward Larson, the judgment debtor, bought and paid for the land, and with intent to defraud his creditors caused it to be conveyed to plaintiff on December 28, 1925; that plaintiff received the conveyance with full knowledge of such intent. It is also alleged that Abe Johnson on November 14, 1925, deposited $2,200 in the First State Bank of New York Mills; that at that time Edward Larson was an officer of the bank and received the deposit as such knowing that the bank was insolvent; that the bank was taken over by the state bank examiner May 21, 1926, because of its insolvency; that thereafter Abe Johnson commenced an action to recover of Edward Larson the money so deposited on the ground that he had received the same as an officer of the bank with full knowledge of its insolvency; that the action was tried and the judgment rendered and the execution issued and the levy made upon plaintiff's land which he seeks to set aside and enjoin. The court found the allegations recited true. It also found that plaintiff became purchaser of the land without actual fraudulent intent on his part and paid $1,000 of the consideration; but that this payment was not a fair equivalent for the land and that he was not a purchaser for a fair consideration. The court also found that the conveyance rendered Edward Larson insolvent.

These findings are attacked and likewise the ruling of the court admitting in evidence, over objection, the judgment roll and the charge of the court in the action in which this judgment against Edward Larson was rendered. We shall first consider the ruling assigned as error. In cases setting aside a conveyance fraudulent as to a creditor whose claim antedates the conveyance but the judgment thereon is rendered subsequent to the conveyance, the law is established that the grantee cannot controvert the fact that the judgment is a valid adjudication unless fraud and collusion are pleaded and proved. Plaintiff made no attempt to assail the judgment. Schmitt v. Dahl, 88 Minn. 506, 93 N. W. 665, 67 L. R. A. 590, where previous cases are cited and analyzed. In Weber v. Arend, 176 Minn. 120, 222 N. W. 646, the syllabus is:

"In an action by a judgment creditor to set aside fraudulent conveyances, the grantee cannot set up defenses which were available to the grantor in the original action."

But it is equally well settled that the judgment creditor, attacking a conveyance made prior to the entry of the judgment, must prove that the claim upon which the judgment is based existed prior to the conveyance, and that he cannot prove this fact by the files or proceedings in which the judgment was rendered. The plaintiff herein was not a party to that action, and no part of the judgment roll or the recitals therein can be used in this action to establish any fact necessary for the intervener to prove other than the fact that a valid judgment for the sum named was rendered against Edward Larson on the day shown by the record. Schmitt v. Dahl, 88 Minn. 506, 93 N. W. 665, 67 L. R. A. 590; Stammers v. Larson, 142 Minn. 240, 171 N. W. 809. In this case plaintiff admitted that the intervener made a deposit of $2,200 in the bank on November 14, 1925, prior to the conveyance and also that Edward Larson was at that time a director. That was alleged to be the basis for the judgment; and, by the admission just stated, the existence of the claim prior to the conveyance was established. It is true that there was no proof that the bank was insolvent at the time the deposit was made other than contained in the judgment roll and

the charge of the court, received over plaintiff's objection. Nor was there a proper pleading of these facts. If it was incumbent on intervener to prove the insolvency of the bank when the deposit was accepted and knowledge thereof on the part of Edward Larson, he did not make out a case; for, as stated, the documents from the files and proceedings prior to the entry of the judgment were not competent evidence against plaintiff, not a party to that action. But we conclude it was not necessary for intervener to prove the facts alluded to, since those were defensive matters open to Edward Larson, plaintiff's grantor. The rule seems to be that when the judgment creditor has shown that the claim upon which the judgment rests existed prior to the transfer he need not go farther. The judgment is conclusive as to all matters that could have been litigated therein. Irish v. Daniels, 100 Minn. 189, 110 N. W. 968. That the bank was not insolvent or that Edward Larson did not know that it was when the deposit of intervener was received were good defenses and could have been litigated in the action wherein the judgment was rendered.

However we think the finding that the consideration given by plaintiff for the land was inadequate is not sustained. Plaintiff and his father testified that there was an understanding that plaintiff should be compensated for having remained at home and worked from the time he became of age, some 15 years, until this land was received by him in payment. The court, having found plaintiff had no intention to defraud his father's creditors and that the son paid part of the consideration, should not have reached the conclusion that the amount paid by plaintiff and his 15 years of labor was an unfair or inadequate price.

Furthermore, the finding that this conveyance rendered Edward Larson insolvent is not sustained by the evidence. The record is clear that Edward Larson had other property and credits of considerable value. A mortgage of $4,000 involved in a companion suit and land conveyed to another son were held by Edward Larson for several months after plaintiff received his deed. There was no evidence of existing unpaid obligations at the time of trial of any considerable amount outside of the unpaid amount of this judg-

ment—some $1,700. The record is replete of other resources held and owned by Edward Larson during the time intervening between the conveyance and the closing of the bank, May 21, 1926. Hence the finding that the conveyance of the land in controversy rendered Edward Larson insolvent cannot stand, and that finding is essential to support the judgment.

The judgment is reversed.

