## EDWIN A. LARSON v. O. J. TWETEN.
## ABE JOHNSON, INTERVENER.[1]

February 26, 1932.

No. 28,650.

*Martin O. Brandon* and *Owen V. Thompson,* for appellant.
*Jesse A. Schunk,* for defendant and intervener, respondents.

HOLT, J.

Plaintiff appeals from the judgment. This is a companion case to the two preceding.

The action was brought to vacate a levy made in March, 1930, under an execution issued on a judgment in favor of intervener and against plaintiff's grantor. Intervener filed his complaint in intervention alleging that the claim upon which the judgment rested existed prior to the conveyance to plaintiff and that such conveyance was made and received with intent to defraud intervener.

[1]Reported in 241 N. W. 47.

In addition to the facts appearing in the case of Larson v. Tweten, 185 Minn. 366, 241 N. W. 43, it may be stated that plaintiff, a son of Edward Larson, had remained at home working for his father some five years after his majority under a claimed agreement that he should be paid therefor in land or money, and that the father conveyed the land in question pursuant to that agreement on July 21, 1926. This was about two months after the bank of which the father was a director closed. About the same time the father transferred the $4,000 mortgage involved in the action brought by Alma Dagne Larson and Ella Larson against O. J. Tweten wherein this intervener also came in. It also appears that previous to this time the grantor, Edward Larson, had disposed of his other resources and property so that the court could well conclude that this conveyance rendered him insolvent. The court could also refuse to find a prior agreement for compensation pursuant to which the conveyance was made. This was a conveyance directly from the present judgment debtor to his son, and there is some foundation to charge a joint intent to defraud creditors. The findings, though in undesirable form, must be held sustained by the evidence.

The judgment is affirmed.