ALMA DAGNE LARSON AND ANOTHER v. O. J. TWETEN. ABE JOHNSON, INTERVENER.[1]

February 26, 1932.

No. 28,649.

[1]Reported in 241 N. W. 45.

*Martin O. Brandon* and *Owen V. Thompson,* for appellants.
*Jesse A. Schunk,* for defendant and intervener, respondents.

HOLT, J.

Appeal by plaintiffs from a judgment rendered against them.

This is a companion case to that of Larson v. Tweten, 185 Minn. 366, 241 N. W. 43, in which respondent Abe Johnson intervened. The additional matters that need be stated are these: Edward Larson, the father of plaintiffs, some time prior to November 14, 1925, owned a $4,000 note of one Sandberg secured by a mortgage on the real estate involved herein. On July 21, 1926, he assigned this note and mortgage to his wife. The assignment was recorded July 28, 1926. On July 2, 1927, she assigned the note and mortgage to plaintiffs, which assignment was recorded November 14, 1927. The mortgage was duly foreclosed, the sale being made January 23, 1928, and the sheriff's certificate issued to plaintiffs was recorded January 25, 1928. After the time for redemption expired and when plaintiffs were owners of this land, the intervener herein, in March, 1930, levied an execution issued under the judgment against Edward Larson referred to in the companion suit. Plaintiffs brought this action alleging ownership and sought to vacate the levy and enjoin the enforcement of the execution against their land. Abe Johnson, the judgment creditor, filed his complaint in intervention alleging the assignment of the mortgage by Edward Larson to his wife to be without fair consideration and made with intent to defraud his creditors; that when the wife assigned it to plaintiffs afterwards it was done with a like intent. A further cause of action is set out in substantially the same language with some additional allegations concerning the intent of the parties involved to defraud creditors. An additional cause of action was

finally stated charging that Edward Larson, his wife and plaintiffs herein, on July 2, 1927, conspired to defraud intervener by the assignment of the note and mortgage to plaintiffs. The trial court found all the allegations in the complaint true, and as conclusions of law vacated the assignments and the foreclosure proceedings, declaring the intervener's judgment a first lien on the land. Plaintiffs' motion for amended findings being denied, judgment was entered and plaintiffs appeal.

The decision in the appeal of Emil A. Larson, 185 Minn. 366, 241 N. W. 43, adversely disposes of plaintiffs' contention that intervener failed to prove that the claim upon which the judgment in question rests existed since November 14, 1925.

But we think the findings of fact are not sustained by the evidence; and, even if they had been, the judgment should not have been entered in the form it was.

It is to be noted that the first cause of action set forth in intervener's complaint is deficient in this: There is an allegation that the assignment of the mortgage from Edward Larson to his wife was not upon a fair consideration. The wife held the note and mortgage nearly a year. There is no allegation as to the consideration passing when the mother assigned the same to her daughters, the plaintiffs herein, except in the cause of action charging conspiracy. Nor is there any evidence that it was the intention of any of the three women concerned to defraud the intervener or other creditors. On the contrary, every one must know that not one of them had the slightest knowledge that the intervener had deposited money in the bank of which Edward Larson was a director. It is also clear enough from the record that Larson himself harbored no suspicion that intervener would or could make a claim against him on account of the deposit of November 14, 1925. And, finally, to find that these parties several months prior to the commencement of the action by intervener to hold Larson liable for the deposit in the bank of November 14, 1925, conspired together to hinder, delay, or defraud intervener of his claim goes entirely too far. In order to conspire to defraud intervener the conspirators must be shown to have knowledge of the existence of his claim against

Edward Larson or that Edward Larson had committed some wrongful act out of which a claim could arise. In justice to plaintiffs, the findings predicating relief on the conspiracy cause set forth in intervener's complaint must be vacated. With reference to another trial it may be said that the assignment of the mortgage by Larson to his wife was not void. Kersten v. Kersten, 114 Minn. 24, 129 N. W. 1051. But, if the assignment rendered the husband insolvent, a creditor could have it set aside, and in so doing would not have the burden of proving that consideration was lacking or was inadequate. Minneapolis S. Y. & P. Co. v. Halonen, 56 Minn. 469, 57 N. W. 1135; Thompson v. Schiek, 171 Minn. 284, 213 N. W. 911. Transfers between husband and wife are presumptively fraudulent as to existing creditors. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3859. They are not so considered between parent and child, although scrutinized. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3858. Plaintiffs claimed the consideration was in payment for staying home and assisting in the work after becoming of age. If that was pursuant to a prior agreement, then the question would present itself whether the assignment was received in good faith and the mortgage was a fair equivalent for the services rendered. State Bank v. Fassbender, 164 Minn. 317, 204 N. W. 953.

We also think the judgment wrong in this: The foreclosure of the mortgage was valid so far as appears from this record. The period of redemption expired long prior to the levy of the execution. The intervener's judgment is less than half the value of the mortgage. Plaintiffs would have the right of redemption if intervener's judgment is declared superior to their rights. Upon such redemption they should be entitled to hold the same title they acquired before the levy.

The judgment is reversed.