EMIL A. AND ALMA DAGNE LARSON v. O. J. TWETEN.
ABE JOHNSON, INTERVENER.[1]

April 1, 1932.

Nos. 28,648, 28,649.

*Martin O. Brandon* and *Owen V. Thompson,* for plaintiffs appealing from clerk's allowance of costs.

*Jesse A. Schunk,* for respondents.

PER CURIAM.

There is an appeal from the clerk's allowance for disbursements. There were three cases, Nos. 28,648, 28,649 and 28,650. 185 Minn. 366, 370, 374, 241 N. W. 43, 45, 47. There were different plaintiffs in each case, but the defendants were the same in each. The pleadings are appropriate in each case. The three cases were tried together in the lower court and each case

[1]Reported in 242 N. W. 378.

submitted upon the same evidence. All the plaintiffs were represented by the same counsel. Counsel for defendants appeared for them in each case. The defendants prevailed in the lower court, and plaintiffs brought all the cases to this court. In case 28,650 the judgment appealed from was affirmed, 185 Minn. 374, 241 N. W. 47, but in the other two cases a new trial was granted to the plaintiffs. 185 Minn. 366, 370, 241 N. W. 43, 45.

In the three records in this court there were 294 pages of testimony and evidence which were identical. The pleadings and the remainder of the record were of course confined to the particular case.

In the allowance for disbursements for the record in the two cases in which a new trial was granted there was allowed 75 cents per page for all except the 294 pages of evidence common to the three cases; and as to this there was an equitable division made by computing the 294 pages at 75 cents per page or $220.50, and then allocating one-third thereof, or $73.50, to each of the three cases. This was proper. Fitzgerald v. Hennepin County Catholic B. & L. Assn. 56 Minn. 424, 428, 57 N. W. 1066, 59 N. W. 191; Clay County Land Co. v. Alcox, 88 Minn. 4, 8, 92 N. W. 464.

There is a further objection to the allowance of the item for a transcript of the record upon the ground that it was used only for appeal to the supreme court and not used in motions for new trial. But it was used in the lower court in support of a motion for amended findings. We are of the opinion that when a transcript is obtained and necessarily used in the lower court the matter of such expense being allowed as a disbursement is before the lower court and not before this court. Only where a transcript is prepared exclusively for use on appeal and is in fact so used can it be taxed or allowed in this court. In re Will of Pinney, 27 Minn. 280, 284, 6 N. W. 791, 7 N. W. 144; Linne v. Forrestal, 51 Minn. 249, 251, 53 N. W. 547, 653; Wadleigh v. Duluth St. Ry. Co. 92 Minn. 415, 417, 100 N. W. 104, 362.

The clerk's allowance for the taxation of disbursements is affirmed.