Judith Elaine **GREER**, Respondent,

v.

LaVern **GREER**, et al., Appellants.

No. C3–84–48.

Court of Appeals of Minnesota.

June 19, 1984.

Gerald E. Maher, Duluth, for respondent.

Patrick T. Cowan, Superior, Wis., for appellants.

Heard, considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Respondent Judith Greer brought an action to quiet title to real estate and to bar appellants LaVern Greer and Darlyn Abrahamson from claiming any right, title or interest in such property. Her motion for summary judgment was granted by the Carlton County Court which concluded Judith was the owner of the property subject to a vendor's interest in a contract for deed. Greer and Abrahamson appeal, contending genuine issues of fact existed requiring a trial. We affirm.

## FACTS

On August 12, 1974, Appellant LaVern Greer purchased farm property known as the "Bandle parcel" pursuant to a contract for deed. In 1977, Respondent Judith Greer, then wife of LaVern, commenced marriage dissolution proceedings. In October 1978, during the pendency of the dissolution proceedings, LaVern conveyed the Bandle parcel to his daughter, appellant Darlyn Abrahamson, pursuant to a quit claim deed which indicated LaVern as a "single person." Judith did not participate in the conveyance. The conveyance was made without LaVern disclosing either to the court or Judith the delivery of a deed to Darlyn. At the time of conveyance, LaVern was admittedly impoverished.

A judgment and decree was entered on January 31, 1980, awarding the "Bandle parcel" to Judith, subject to an option whereby LaVern might obtain title upon payment of $9,012.00 to Judith. LaVern did not exercise this option. He appealed from the judgment and decree. The appeal was dismissed for failure to file a supersedeas bond.

Judith then commenced this action to quiet title, asserting her title through the 1980 judgment and decree. She maintained the deed between LaVern and Darlyn constituted a fraudulent conveyance under Minn. Stat. § 513.23 (1982). LaVern and Darlyn denied fraudulent conduct, claiming Darlyn's care of LaVern when he was ill constituted consideration for the conveyance. They also claim the property distribution contained in the 1980 dissolution decree was inherently unfair, contending LaVern received "neither a proper trial ... nor a review of the trial court's decision in said matter."

The trial court granted Judith's motion for summary judgment and quieted title to the vendees interest in the Bandle contract

for deed in Judith, subject to Bandles' interest as vendors.

## ISSUES

1. Whether a party may collaterally attack a final judgment and decree of marriage dissolution in a subsequent quiet title action.

2. Whether the attempted conveyance by appellant LaVern Greer of real estate owned by him and respondent Judith Greer, pending dissolution of his marriage, was fraudulent.

## ANALYSIS

### I

 The judgment and decree of marriage dissolution entered on January 31, 1980, was a final judgment. There was no showing that it was invalid on its face. Being valid on its face, it is not subject to collateral attack. *Fidelity and Deposit Co. of Maryland v. Riopelle*, 298 Minn. 417, 421, 216 N.W.2d 674, 677 (1974).

### II

LaVern Greer and Abrahamson contend the trial court erred in granting summary judgment. They argue the conveyance by LaVern of his interest in the Bandle parcel to Darlyn was supported by consideration, i.e., her nursing care of LaVern, and therefore factual issues of adequate consideration for the conveyance existed, prohibiting summary disposition of their action.

Summary judgment is proper when:
the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law....

Minn.R.Civ.P. 56.03. Upon review, this court must determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.

1979); *American Druggists Insurance v. Thompson Lumber Co.*, 349 N.W.2d 569, 573, slip op. at 6 (Minn.Ct.App. May 15, 1984).

Minnesota's Fraudulent Conveyance Act provides, in part:

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Minn.Stat. § 513.23 (1982).

The insolvency of LaVern and the status of Judith as a creditor are not disputed. Therefore, the question is whether the conveyance to Darlyn was supported by fair consideration.

 Fair consideration is defined as follows:

Fair consideration is given for property, or obligation,

(1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

(2) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

Minn.Stat. § 513.22 (1982). To determine whether an antecedent debt satisfied by the conveyance alleged to be fraudulent was fairly equivalent in value to the interest transferred, market value of the interest conveyed at the time of the transfer and the amount of the antecedent debt thereby satisfied must be proved. *Neubauer v. Cloutier*, 265 Minn. 539, 545, 122 N.W.2d 623, 629 (1963). There is no presumption of fraud as to existing creditors in a conveyance between parent and child, although such transfers are to be scrutinized. *Larson v. Tweten*, 185 Minn. 370, 373, 241 N.W. 45, 46 (1932); *Snyder Elec-*

*tric Co. v. Fleming,* 305 N.W.2d 863, 867 (Minn.1981).

■ In a deposition, Darlyn testified, in reference to the consideration she paid LaVern for the conveyance: "I don't know what [LaVern's] intentions were but for $1 it was a gift." There was no evidence of a prior agreement between her and LaVern providing for compensation for her nursing services. Consequently, the subsequent conveyance to her made in payment for such service was without consideration and could be set aside at the suit of prior creditors of the grantor. *Cf. State Bank of Gibbon v. Fassbender,* 164 Minn. 317, 321, 204 N.W. 953, 954-55 (1925). Since there was no antecedent debt established by LaVern and Darlyn, no fair consideration passed between them supporting the conveyance. LaVern's insolvency and Judith's status as his creditor not being disputed, the record supported summary disposition by the trial court.

## DECISION

The final judgment and decree of dissolution between respondent Judith Greer and appellant LaVern Greer cannot be collaterally attacked in a subsequent quiet title action. LaVern's conveyance of property in which respondent Judith Greer had a marital interest was fraudulent.

**Affirmed.**