**Judith Elaine GREER, Respondent,**

v.

**LaVern GREER, Appellant,**

**Darlyn Abrahamson, Respondent.**

**No. C0–85–1569.**

Court of Appeals of Minnesota.

Jan. 14, 1986.

Gerald E. Maher, Duluth, for respondent.

Patrick T. Cowan, Superior, Wis., for appellant.

Darlyn Abrahamson, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

This is an appeal from a judgment modifying a dissolution property settlement. Appellant claims the modification awarding his ex-wife the parties' homestead was an abuse of the trial court's discretion. We affirm.

## FACTS

In 1977, respondent Judith Greer commenced dissolution proceedings against appellant LaVern Greer. During the pendency of those proceedings, appellant, by quit claim deed, conveyed to his daughter, respondent Darlyn Abrahamson, two farmsteads of 120 acres each. One farmstead was known as the "Bandle parcel" and the other comprised the parties' homestead.

The parties' dissolution judgment and decree was entered on January 31, 1980. Respondent Greer was awarded the Bandle parcel, subject to appellant's option to ob-

tain title upon payment of $9012 to respondent Greer. Respondent Greer was also awarded a cash settlement of $7379, which was increased to $12,162 by court order in January 1981 when respondent Greer was also given a lien on the homestead. The homestead was awarded to appellant in the original decree.

Respondent Greer quieted title to the Bandle parcel in her favor. Mr. Greer appealed and this court affirmed, concluding the conveyance of the farmsteads from appellant to his daughter was fraudulent. *See Greer v. Greer,* 350 N.W.2d 439 (Minn. Ct.App.1984).

In August 1984, respondent Greer sued to quiet title and establish her marital interest in the homestead. The trial court's judgment was entered on June 17, 1985, modifying the parties' property settlement. The trial court concluded the homestead could not be conveyed without respondent Greer's consent according to Minn.Stat. § 507.02, and was therefore still marital property. The homestead was awarded to respondent Greer, subject to appellant's 30-day option to reobtain title upon payment of the $12,162 cash settlement still in arrears plus statutory interest.

## ISSUE

Did the trial court abuse its discretion in modifying the parties' property settlement?

## ANALYSIS

■ 1. Appellant claims the trial court improperly modified the parties' property settlement by awarding the homestead to respondent Greer because proper grounds to modify did not exist and the original property distribution was manifestly unfair.

> Except for an award of the right of occupancy of the homestead, provided in section 518.63, all divisions of real and personal property provided by section 518.58 shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state.

Minn.Stat. § 518.64, subd. 2 (1984). A judgment may be reopened and a property settlement modified where fraud or mistake has occurred at the original proceedings. *See Schack v. Schack,* 354 N.W.2d 871, 874 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Jan. 2, 1985).

■ The trial court concluded appellant was estopped by previous judgment from challenging the fraudulent nature of his conveyance during the pendency of the original proceedings. Proper ground for modification was therefore determined. Appellant's challenge of the original distribution is untimely.

■ 2. Appellant claims even if modification was permissible, the trial court abused its discretion because no findings were made regarding valuation of the homestead or appellant's permanent disability, unemployability, and impoverishment. He claims he has been unable to pay the $12,162 cash settlement because of his physical and financial condition, and those conditions render his option on the homestead a nullity.

> While we have often stated that trial courts are accorded broad discretion in both the valuation and distribution of an asset, exercise of that discretion is not unlimited and should be supported by either clear documentary or testimonial evidence or by comprehensive findings issued by the court. The absence of such findings renders review of the amended judgment difficult.

*Ronnkvist v. Ronnkvist,* 331 N.W.2d 764, 766 (Minn.1983).

Here, respondent Greer possessed a lien on the homestead regarding appellant's cash settlement obligation. Appellant has failed to pay and the trial court enforced the lien subject to appellant's option.

## DECISION

The trial court did not abuse its discretion by enforcing respondent's lien and awarding her the homestead.

Affirmed.