JOSEPH C. WHITNEY *vs.* HENRIETTA M. BURD and another.

June 7, 1882.

. **Estates of Decedents—Creditors—Redemption from Foreclosure.—**A creditor of an estate gets no lien upon the real estate of the deceased, so as to be entitled to redeem from foreclosure of a mortgage executed by him in his life-time, merely by the allowance of such creditor's claim as a claim against the estate.

Plaintiff, claiming to have redeemed, as a creditor of one James S. Burd, certain real estate mortgaged by Burd in his life-time and sold on foreclosure by advertisement after his decease, brought this action in the district court for Hennepin county, against the assignee of the purchaser at the mortgage sale, to recover possession of the premises. The material facts alleged in the complaint are stated in the opinion. The defendants, having answered, moved for judgment on the pleadings. The motion was granted by *Young*, J., judgment was entered accordingly, and the plaintiff appealed.

*Geo. R. Robinson,* for appellant.

Plaintiff is "a creditor having a lien, legal or equitable," and therefore entitled to redeem in the manner prescribed by statute. Gen. St. 1878, c. 66, § 323; Bouvier's Law Dict., *Lien;* Burrill's Law Dict., *Lien.*

*McNair & Gilfillan,* for respondents.

GILFILLAN, C. J. The first question presented by the case is, was the plaintiff in position to make the redemption under which he

claims? The conclusion we have reached on that question disposes of the case, and renders the consideration of any other unnecessary. The facts on which that question rest are: James S. Burd died December 16, 1876, the owner of the real estate in controversy. Before his death, while such owner, he, with his wife, executed a mortgage upon it to Petran; November 8, 1879, this mortgage was duly foreclosed under the power of sale, Beebe becoming the purchaser. Commissioners to examine claims against the estate of Burd having been appointed, plaintiff and one McFarlane presented a claim, and October 5, 1877, it was duly allowed at the sum of $4,003.26, and thereupon McFarlane assigned his interest in the claim to plaintiff. On November 9, 1880, plaintiff, having, within the time required by the statute, filed notice of his intention to redeem, attempted, upon the claim so allowed, a redemption, and received from the sheriff and recorded a certificate thereof.

The statute (Gen. St. 1878, c. 66, § 323, subd. 2,) provides that redemption may be made "by a creditor having a lien, legal or equitable, on the real estate, or some part thereof, subsequent to that on which the same was sold. Creditors shall redeem in the order of their respective liens." Section 325, regulating how redemption shall be made, provides that the person desiring to redeem shall produce to the person or officer to whom application for redeeming is made, "first, a certified copy of the docket of the judgment or deed of conveyance or mortgage, 'or of the record or files evidencing any other lien under which he claims the right to redeem, certified by the officer in whose custody such docket, record, file or files shall be."

It is apparent from these provisions that the creditor must have something more than the general right common to all creditors to have the general property of the debtor applied to the payment of his debts; must, at least, have a right, either in law or in equity, to have the specific property appropriated to the satisfaction of his claim in exclusion of other claims subsequent in date to his. Such is not the case with creditors of an estate who have acquired no lien prior to the death of the debtor.

It is true, such creditors, when their claims are allowed, are entitled to have the estate—certain preferred claims being satisfied first

—applied : first, the personal property, and, if that is not sufficient, then so much of the real estate as may be necessary, to payment of their claims. But all such creditors are equal; no one is preferred to another; no one can assert a right, either in law or equity, to have any specific property, personal or real, applied in payment of his claim to the exclusion of any other; and no one can, by any diligence or act of his own, secure any advantage over other creditors whose claims are allowed. His only right is that common to all such creditors, to have the estate administered in the manner provided by law; that is, through the probate court. It would be as great a misuse of terms to call this right a lien, as to call the general right of the creditors of a living debtor to have his property applied in payment of their claims, a lien. Even if it could be called a lien, it is not such as the statute regulating redemptions contemplates. That has in view liens of creditors that may be marshalled according to their priority. There might be a hundred or more creditors of an estate whose claims are allowed, all standing equal with respect to their rights as to the estate. How could one of these claim a right superior to that of any other to redeem from a foreclosure, and thus secure the title to himself? And there is no provision in the statute to determine the rights of respective creditors in regard to redemption, except by the priority of their respective liens. It is clear the plaintiff had no lien so as to give him a right to redeem under the statute.

Judgment affirmed.