JOHN J. NELSON v. JOSEPH ROGERS and Others.[1]

June 23, 1896.

Nos. 10,038—(205).

### Redemption from Foreclosure—General Creditor of Decedent.

A general creditor of a deceased person, although his claim has been allowed against the estate, has no lien upon the real estate of the deceased which entitles him to redeem from the foreclosure of a mortgage executed by the deceased in his lifetime; following Whitney v. Burd, 29 Minn. 203. The Probate Code has not changed the law in that regard.

Action in the district court for McLeod county.    The complaint alleged, in substance, that plaintiff was a creditor of one Rasmus Mikkelson, who died seised of certain land on which he had executed two mortgages; that the mortgages were foreclosed after his death by the mortgagee, who assigned the certificates of sale to defendant Thoney; that the time for redemption expired March 10, 1895, and that neither the heirs of the deceased mortgagor nor the holder of the certificate of foreclosure of the second mortgage redeemed; that plaintiff's claim was duly allowed by the probate court against the estate of the deceased mortgagor; that plaintiff, March 8, 1895, gave due notice of intention to redeem, and on March 16, 1895 (March 10th being Sunday), produced to the sheriff, defendant Rogers, the proper affidavit and the necessary records and files of his claim as allowed by the probate court, and tendered the sum necessary to redeem, and demanded a certificate of redemption, which was refused; that March 20, 1895, defendant Thoney, who then held the certificate of foreclosure, transferred said premises to defendant Oleson, but that the money was furnished by defendant Caroline Mikkelson (who was the wife of the mortgagor), under an agreement fraudulently made, before the foreclosure, between her and the mortgagee to defraud the creditors of Rasmus Mikkelson, and in order that they might not realize on their claims, by which agreement the heirs and widow were to allow the time for redemption to expire, and then the premises should be conveyed by the mortgagee to her.    The complaint prayed that plaintiff be allowed

[1] Reported in 68 N. W. 18.

to pay into court or to the sheriff the amount so tendered to him, and that he be required to execute to plaintiff a certificate of redemption, and for other relief. From an order, Cadwell, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*J. V. V. Lewis*, for appellant.

*F. R. Allen*, for respondents.

MITCHELL, J. The only question in this case is whether a general creditor of a decedent, whose debt has been allowed as a claim against the estate, has a lien upon the real estate of the deceased which entitles him to redeem from the foreclosure of a mortgage executed by the deceased in his lifetime. The plaintiff admits that this was decided in the negative in Whitney v. Burd, 29 Minn. 203, 12 N. W. 530; but his contention is that the law is now otherwise, by virtue of the provisions of sections 102 and 107 of the Probate Code (G. S. 1894, §§ 4509, 4514), which read as follows:

"Sec. 102. * * * The allowance or disallowance of any claim shall have the same force and effect as a judgment for or against the estate. * * *"

"Sec. 107. * * * No claim against a decedent shall be a charge against or lien upon his estate unless presented to the probate court as herein provided within five years after the death of such decedent, provided that this provision shall not be construed as affecting any lien existing at the date of such death. * * *"

It is urged that the effect of these provisions is to make a claim against the estate, when allowed, a lien on the real estate of the deceased of the same nature and in the same sense as a judgment of the district court, upon which the creditor has a right of redemption under the statute precisely as upon any other judgment, and that the priority of right to redeem would be in accordance with the order in point of time in which the respective creditors filed their claims for allowance. Any such theory would be out of harmony with the whole history of the law on the subject of the right of redemption, and wholly inconsistent with the policy of the law in the administration of the estates of deceased persons.

While the right of redemption is statutory, yet in construing the provisions of the statutes as to who are redemptioners some regard must be had to what creditors were entitled to redeem in equity. It was never suggested that a creditor could maintain

an action to redeem who had nothing more than the general common right of all creditors to have the general property of the debtor applied to the payment of his debts. To entitle a creditor to maintain such an action, it was always necessary that he should have some interest in or lien upon the land which, either at law or in equity, gave him a right to protect his interest in the specific property, or to have it appropriated in satisfaction of his claim to the exclusion of other creditors. A general creditor of the estate of a deceased person has no such interest in or lien upon any specific property of his debtor, even after his claim is allowed. If he can be said to have a lien at all, it is only in the same sense that the creditor of a bankrupt has a lien on the estate of the insolvent debtor. All creditors, with the exception of certain preferred ones, stand upon an equality. No one has any preference over another. The provisions of the Probate Code have not changed the law in that respect. The only purpose of section 102 was to provide that the allowance of a claim should establish it against the estate as conclusively as a judgment would. All the reasons for the decision in Whitney v. Burd obtain with equal force to-day. See, also, McNiece v. Eliason, 78 Md. 168, 27 Atl. 940.

If it is to the interest of creditors that a redemption should be made, it must be done by the personal representative of the deceased. If he should improperly decline, application should be made to the probate court to order him to do it. If the financial condition of the estate or its interests would render a redemption inexpedient, a creditor who thought it to his interest that one should be made might perhaps, by offering to advance the necessary funds, be entitled to action by the probate court requiring the personal representative to redeem. But whatever remedy, if any, a creditor has in such a case must be worked out through the probate court and the administration proceedings. He is not a redemptioner under the statute.

Order affirmed.