WILLIAM H. MORROW

v.

JOHN COLE et al.

[Argued November 18th, 1898. Filed March 1st, 1899.]

. An acknowledgment of a mortgage made to one of two executors, as such, before a master who was the other executor, is valid, where the mortgage on its face does not disclose his interest therein, since the taking of the acknowledgment was a ministerial act.

On bill.

*Mr. William H. Morrow, pro se.*

*Mr. George M. Shipman,* for the defendants.

STEVENS, V. C.

The complainant, in addition to the first mortgage which he holds and which he is foreclosing, holds a judgment against the mortgagor, Cole. This judgment was recovered on November 22d, 1895. On November 11th of the same month, Cole executed a mortgage to Samuel I. Raub, one of the executors of George W. Smith, which was acknowledged before L. De Witt Taylor, the other executor, and recorded immediately. If duly recorded, it is admitted that it is a lien prior to the lien of the judgment. If not, it is a lien subsequent. The contention is that the master was disqualified from taking the acknowledgment by reason of his interest as executor, and that the deed not being duly acknowledged, its record was not notice. The interest of Taylor was, at most, an interest in executors' commissions and is not disclosed by the record itself but by extraneous evidence.

It is held in a number of cases that if it appear on the face of the deed that the officer is either a party thereto, or a *cestui que trust* named therein, the acknowledgment is void and the record

not notice. *Wilson* v. *Traer & Co., 20 Iowa 231; Bowden* v. *Parrish, 86 Va. 68; Wasson* v. *Connor, 54 Miss. 351.* Some *dicta* go further and assert that the interest of the acknowledging officer, whether it appear upon the face of the deed or not, will render the acknowledgment a nullity. *Groesbeck* v. *Seeley, 13 Mich. 345; Wills* v. *Wood, 28 Kan. 411.* These *dicta* cannot be supported. Aside from the case of a married woman, as to which it is not necessary to express an opinion, it appears to me very plain that if the interest does not appear on the face of the deed, the record is notice.

The complainant's contention is that the officer who takes an acknowledgment performs a judicial act and that as no man can be a judge in his own case, such act, if done by one interested, is void. This contention is unsound. The act is no more judicial than ministerial. A judicial act ordinarily has reference to some controversy. There is nothing suggestive of controversy in an acknowledgment. It is said that the officer must be *satisfied* that the person who appears before him is the grantor and that his determination that he is, is a judicial act. But the duty of identifying people; of being satisfied that they are what they claim to be, is discharged by all sorts of administrative officers— for example, by a treasurer who pays out money—and not only by officials, but, at times, by every member of the community. It may as well be predicated of the act, then, that it is ministerial as that it is judicial. Nothing else that the officer does has even the semblance of judicial action. He makes known the contents of the paper; he hears the grantor say that he signs it as his voluntary act and deed, and then he makes a written certificate of the facts.

. If the act of the officer is not judicial, the doing of it is not adjudging one's own case. If the grantor takes his own acknowledgment, it is of no effect, because it is obviously contrary to the provisions of our statute on the subject. If the grantee takes the grantor's acknowledgment, it cannot be said, perhaps, that any express provision of the statute is violated, but the act, nevertheless, is void, not because we have here an instance of a judge deciding his own case, but because the same

Morrow *v.* Cole.

public policy which prevents an interested judge from acting, will (with certain reservations) prevent an interested master or commissioner. The distinction is important in this respect. The decisions of judges should always be above suspicion. To insure this result, the judges themselves should be absolutely free from the bias of self interest and the rule of public policy should be rigidly enforced. To apply it as rigidly to the case of commissioners, whose public functions are so different, would work little benefit and would lead to results antagonistic to the policy of the registry laws.

It may be safely asserted that it would be much more injurious to public interests to hold that extraneous proof of an undisclosed or secret interest (almost always slight) would avoid acknowledgments and thus render the record of conveyances unreliable than it would be to hold the contrary. Says Chief-Justice Waite in *National Bank of Fredericksburg* v. *Conway, 17 Fed. Cas. 1203:* "It is against the policy of the recording acts to hold an acknowledgment void because of the secret interest of an officer taking and certifying it. The effort should be to prevent rather than allow hidden defects in the evidence of public records." Accordingly he held the acknowledgment under review in that case to be a ministerial act and the record notice. Such was also the decision in *Lynch* v. *Livingston, 6 N. Y. 422,* and *Kimball* v. *Johnson, 14 Wis. 674.* Both reason and authority concur in declaring where the interest of the acknowledging officer does not appear on the face of the deed that the acknowledgment is not void, and that the registry of the deed is notice.

In *Wells* v. *Wright, 7 Halst.* *132; Marsh* v. *Mitchell, 11 C. E. Gr. 497;* affirmed, *12 C. E. Gr. 631,* and *Homœopathic Mutual Life Insurance Co.* v. *Marshall, 5 Stew. Eq. 110,* the question related to the effect to be given to the declarations contained in the acknowledgment of a married woman : how far they were disputable. In the last of these cases Chancellor Runyon, dissenting, in a measure, from the view expressed in the previous cases, was of opinion that the act of the officer in ascertaining whether the married woman executed the conveyance of her own free will, without threats and coercion was a judicial act. Perhaps

with more accuracy it might be designated *quasi*-judicial. *Hitz v. Jenks, 123 U. S. 302.* Whether judicial or not, it is manifest that these decisions do not touch the present case. They do not deal with the question of notice. I think the registry of the mortgage was notice, and that therefore it is a lien prior to the jud·ment.