A. K. TWETO v. L. E. HORTON.[1]

November 13, 1903.

Nos. 13,625—(75).

**Settled Case—Practice.**

Although the court has no authority to extend the time within which to propose and settle a case or bill of exceptions upon application ex parte, and without notice to the opposite party, yet, if finally the case is settled upon proper notice, and the various extensions made ex parte were for reasonable cause, and the final settlement of the case did not prejudice the opposing party, such order of settlement will not be considered as an abuse of discretion.

**Chattel Mortgage.**

A first chattel mortgage upon certain personal property contained the declaration that the mortgagor resided in a certain township and county, and a second mortgage upon the same property contained a similar declaration. Held, in an action by the first mortgagee, or his assigns, as against the second mortgagee, for the possession of the property, such declaration as to the place of residence constituted prima facie evidence of the fact of such residence. Nickerson v. Wells-Stone Mercantile Co., 71 Minn. 230, distinguished.

**Assignment of Note.**

The assignment and transfer of a promissory note secured by a chattel mortgage carries the security, without a formal assignment of the mortgage.

**Law of North Dakota—Record in Minnesota.**

The laws of North Dakota require that the certificate of acknowledgment, when made before a justice of the peace, must be accompanied by a certificate, under the hand and seal of the clerk of court, setting forth that the justice was authorized to take the same, and that the clerk was acquainted with the handwriting, and believes the signature to be genuine. Held, without such certificate of the clerk of court, a chattel mortgage executed on personal property situated temporarily in North Dakota is not entitled to be filed in the township of Minnesota where the mortgagor resides, and, if so recorded, is not constructive notice to subsequent mortgagees and purchasers in good faith.

Action in the district court for Wilkin county to recover possession of certain horses, or $150, the value thereof, in case possession could

[1] Reported in 97 N. W. 128.

not be had. The case was tried before Flaherty, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Lyman B. Everdell* and *Ezra G. Valentine,* for appellant.

*McCumber, Bogart & Forbes,* for respondent.

LEWIS, J.

One Brawders executed a chattel mortgage to Tweto & Jacobson on certain personal property to secure promissory notes. The mortgage was executed and acknowledged in North Dakota, where the property was then located, and was recorded in Wilkin county, Minnesota, where it is claimed the mortgagor resided. Thereafter the notes were assigned and transferred to appellant. Respondent having taken possession of the property in foreclosure proceedings under a second mortgage, this action was brought in replevin to recover possession thereof.

1. On the first day of the term, respondent moved for an order striking from the files the settled case upon the ground that it was not served or settled within the time or in the manner required by law. The order for judgment in the court below was dated October 25, 1901, and on November 7 following the court made an order ex parte, on motion of the plaintiff, extending the time for serving a proposed case or bill of exceptions sixty days from the date of the order. On January 1, 1902, another order was made, ex parte, extending the time sixty days, and on February 28 following another order was made extending the time to April 1. On March 19, the proposed case was served upon respondent's attorneys by mail, and was returned with the objection that it was not served in time. On March 20, it was served personally, and was returned with the same objection. March 31, appellant served another notice that the proposed case would be presented to the district judge for settlement and allowance on April 5. April 2, notice was given to respondent's attorneys that application would be made on April 5 for a further extension of time to April 10; and on April 5 an order was made extending the time to April 10, at which date the court made an order settling the case. Objection was made by respondent's attorneys to the extension of time and to the allowance of the case upon the ground that the

time had expired, and that no valid order had ever been made enlarging it, within which to serve the case.

In State v. Searle, 81 Minn. 467, 84 N. W. 324, a proposed case was returned by plaintiff for the reason that it had not been served in time. Thereafter defendants served notice that on a certain day of the special term of the district court, which was after the time had expired, application would be made for an order settling and allowing a proposed case. The trial court denied the application, and the order was sustained upon the ground that, although the proposed case had been served in time, yet, it having been returned, and the time for the settlement of the case having expired at the date set for the hearing, the court was not required, as a matter of strict legal right, to enlarge the time beyond the period previously fixed.

In the present case it may be conceded that the court exceeded its authority in granting the several extensions ex parte. The power to make such extensions ex parte is recognized in State v. Searle, supra, but is restricted to those cases where the first limitation is made at the time of the order for judgment, in open court, or under such circumstances as the opposing party may be supposed to have knowledge of it, and to have acquiesced therein. But section 5227, G. S. 1894, does not authorize orders to be made out of court, without notice, for a longer time than twenty days. However, conceding that the several extensions subsequent to the first were made without notice to the adverse party, and without authority, it does not follow that the court did not have authority to make an order during the default, and extending such time, upon a proper notice to the opposite party; and the principal question here is, when the court made its final order settling the case, will it be presumed that the court took into consideration all of the circumstances, and decided to extend the time? The last extension of time and settlement of the case were made upon notice to the adverse party, and presumably the matter was fully submitted and considered by the court. The previous extensions were granted upon sufficient cause, and unless respondent was in some manner prejudiced by the delay, or deprived of the right to propose amendments, the court did not abuse its discretion. The motion is therefore denied.

2. The only evidence as to where the mortgagor resided is in the recitation in the mortgages executed to appellant and respondent. In the former he was described as residing on "Sec. 17, Town 134, Range 47, Wilkin County, Minnesota," and in the latter he was described as a farmer, by occupation, of the "S. E. $\frac{1}{4}$—17—134—47, county of Wilkin in the State of Minnesota." The point is made that there is not sufficient evidence in the case to show that the mortgage was recorded in the county where the mortgagor resided, as the statute required. In Nickerson v. Wells-Stone Mercantile Co., 71 Minn. 230, 73 N. W. 959, 74 N. W. 891, it was held that a recital in the mortgage that the mortgagor is "of the town" where the property is, was not evidence, against a subsequent mortgagee or purchaser, that the mortgagor resided in such town. If the declaration as to residence in the mortgage executed to appellant were the only statement, the holding in the Nickerson case would control; but a similar statement is made in the mortgage executed to respondent, and we are unable to see why, so far as he is concerned, this declaration does not make out at least a prima facie case as to the place of residence of the mortgagor, and we hold it to have been sufficient.

3. There was no formal assignment of the mortgage, and the question raised is, did the transfer of the notes by the mortgagees to appellant have the effect of carrying the security? We think it did, under the authority of Wilson v. Eigenbrodt, 30 Minn. 4, 13 N. W. 907; Kinney v. Duluth Ore Co., 58 Minn. 455, 60 N. W. 23; and First Nat. Bank v. Pope, 85 Minn. 433, 89 N. W. 318.

4. Section 4, c. 292, p. 539, Laws 1897, provides that no mortgage of personal property shall be notice of any fact, as against the subsequent purchaser or mortgagee in good faith, unless the same is attested by two witnesses, and acknowledged before some officer authorized to take acknowledgments. Appellant's mortgage was acknowledged in North Dakota before a justice of the peace, and the law of that state provided that the certificate of proof or acknowledgment, if made before a justice of the peace, must be accompanied with a certificate, under the hand and seal of the clerk of the district court, or of any other court of record in the county in which the justice resided, setting forth that said justice at the time of taking such proof or acknowledgment was authorized to take the same, and that

the clerk was acquainted with his handwriting, and believed that the signature was genuine.

Conceding the acknowledgment might be taken in a foreign state, unless otherwise provided by our statute, it must be taken in accordance with the laws of that state. As we read the North Dakota statute, the certificate of the clerk of court was necessary, to give validity to the instrument, as well as to entitle it to be recorded or to be read in evidence in that state, although we are not aware that it has been expressly so held in that jurisdiction. If, then, the mortgage was not properly executed according to the laws of North Dakota, it was not entitled to be filed in the office of the town clerk where the mortgagor resided. If the mortgage had been properly acknowledged and recorded, the certified copy would have been prima facie evidence to the same extent as the original; but the certified copy introduced having been objected to on the ground that it was not properly acknowledged, and it appearing that when recorded it did not bear the certificate mentioned, it follows that it was not properly received in evidence, and also that it was not properly filed in the office of the town clerk, and, having been so filed, it was not constructive notice to subsequent mortgagees.

Judgment affirmed.