# CHARLES N. ORR and Others v. WILLIAM SUTTON.[1]

October 18, 1912.

Nos. 17,864—(19).

**Redemption by junior mortgagee — unpaid registry tax.**

A mortgage upon real property, upon which the registry tax imposed by chapter 328, Laws 1907, has not been paid, though erroneously recorded by the register of deeds, furnishes no sufficient legal basis in the mortgagee for the redemption from the foreclosure of a prior mortgage upon the same property, as against the holder of the title under that foreclosure.

**Effect of record.**

The record of such a mortgage, being prohibited by the statute and thereby declared invalid for any purpose, is not evidence of the fact that it was duly recorded, or of the validity of the instrument.

**County treasurer's certificate not conclusive.**

A certificate upon the back of such a mortgage, made by the county treasurer, before the same was recorded, that the mortgage was not subject to the tax, *held* not to conclude the holder of the title to the property under the prior foreclosure.

**Case followed.**

Mutual B. L. Ins. Co. v. County of Martin, 104 Minn. 179, sustaining the constitutionality of the statute referred to, followed and applied.

**Pleading — passage of act — answer stricken.**

An answer alleging the failure of the legislature properly to enact the statute *held* without merit, and the order striking it out is sustained.

Action in the district court for St. Louis county to quiet title to certain real property. From an order, Dancer, J., sustaining plaintiffs' demurrer to a portion of the answer of William Sutton and from an order striking out a portion of his answer, he appealed. Affirmed.

*J. N. Searles,* for appellant.

*William G. White* and *Theodore Hollister,* for respondent.

[1] Reported in 137 N. W. 973.

BROWN, J.

Action to quiet title to certain real property. It comes to this court on defendant Sutton's appeal from an order sustaining a demurrer to one of the defenses set up in his answer, and an order striking out another separate defense as sham and frivolous.

The facts, so far as necessary to an understanding of the questions presented, are as follows: William Sauntry was the owner of an undivided interest in the property, and mortgaged the same to Weyerhauser & Rutledge to secure the payment of an indebtedness amounting to $30,000. The mortgage was duly recorded, and was subsequently assigned, and by the assignee duly foreclosed; the sale on foreclosure taking place on September 20, 1910. During the period of redemption several judgments were recovered and docketed against Sauntry, the mortgagor, one of which was assigned to plaintiffs in this action, under which they duly redeemed from the mortgage foreclosure. Plaintiffs' title to the land is founded upon this redemption.

The facts relating to the title asserted by defendant Sutton, as appears from the pleadings, are as follows: The period of redemption from the mortgage sale expired September 20, 1911. Late in the evening of that day Sauntry, the mortgagor, executed to defendant Sutton a mortgage upon the property to secure the payment of the sum of $50. The mortgage was filed for record in the office of the register of deeds at 10:05 o'clock p. m. of that day. Immediately thereafter Sutton filed a notice of intention to redeem from the prior foreclosure. He thereafter paid to the sheriff of the county an amount claimed to be sufficient to effect redemption, and the sheriff in turn executed and delivered to him a certificate of redemption. Defendant Sutton claims title to the property under and by virtue of this redemption.

To overcome this claim plaintiffs allege in their complaint that the Sutton mortgage, as well as the record thereof, was invalid and a nullity, furnishing no sufficient basis for Sutton's attempted redemption, for the reason that the registry tax imposed by Laws 1907, p. 449, c. 328, was never paid. In response to this charge in the complaint defendant Sutton answered as follows: "Further answering,.

this defendant avers that the mortgage aforesaid so executed and delivered by said Sauntry to this defendant on the twentieth day of September, 1911, was duly presented to the treasurer of St. Louis county, Minnesota, for his indorsement as required by the so-called law of this state, being chapter 328, General Laws of 1907, and said officer duly indorsed the same with the words 'Exempt from registration tax,' and duly attached thereto his official signature as such treasurer, and thereupon said mortgage was duly recorded in the office of the register of deeds in and for said county as aforesaid, but no registration tax was paid to said treasurer, although this defendant was ready and willing to have paid such tax, had such treasurer demanded the same, or declined to have indorsed said mortgage without such payment." To these allegations plaintiff demurred, as not constituting a defense.

Defendant Sutton also alleged in his answer: "Moreover, this defendant avers that said so-called law, being chapter 328, General Laws 1907, was not then or ever a valid law of this state, for the reason that the same was never voted upon or read in the senate of this state, when the same—being known as House File No. 561—was under consideration in the legislature of this state." These allegations were stricken out on motion.

1. The question presented by the demurrer involves the legal right of defendant Sutton to redeeem from the prior foreclosure, and the effect of his attempt to do so. If the mortgage registry tax statute be construed in harmony with its plain language, and force and effect given it accordingly, the question is not at all difficult to answer. The right of redemption after foreclosure is purely statutory, and the conditions prescribed as essential to the right as granted to a junior mortgagee or other creditor having a lien upon the property must appear of record before it may be exercised. Our statutes provide (Section 4481) that, if the mortgagor makes no redemption, the creditors of the mortgagor having a lien upon the property, or some part thereof, legal or equitable, may redeem in the order stated therein. To entitle a creditor to redeem as a matter of legal right, it is necessary that he have some interest in or lien upon the land which, either at law or in equity, gives him the right to protect his interest in the

specific property, or to have it appropriated in satisfaction of his claim to the exclusion of all others. Nelson v. Rogers, 65 Minn. 246, 68 N. W. 18; Whitney v. Burd, 29 Minn. 203, 12 N. W. 530. Section 4482 contemplates that such lien, when in the form of a subsequent mortgage, shall be of record, and the provisions thereof require the production to the officer to whom the redemption money is paid of a certified copy of the record, and either the original mortgage or a certified copy of the same. Sutton was the holder of a subsequent mortgage, and as such claimed the right to redeem. If his mortgage was a legal and valid instrument, and was properly recorded, beyond question he was in position to exercise the asserted right. If it was not a valid instrument, or properly recorded, he had no vested right to have the mortgaged property applied to its payment, to the exclusion of those who had valid liens of record. The question turns, then, upon the validity or invalidity of the mortgage and the record of the same.

It is insisted by plaintiff that, because the registry tax was not paid, neither the mortgage nor the record thereof, though filed and recorded under the mistaken impression that the registry tax statute had no application to mortgages under $100, was of any validity for any purpose, and furnished no foundation for the Sutton redemption. This brings us to that statute, and the force and effect to be given its provisions. It imposes upon every mortgage executed upon real property in this state a tax of fifty cents for each $100, or major fraction thereof, of the principal debt or obligation secured. Section 7 of the act provides: "No such mortgage, no papers relating to its foreclosure, nor any assignment or satisfaction thereof shall be recorded or registered * * * unless said tax shall have been paid; nor shall any such document, or any record thereof, be received in evidence in any court, or have any validity as notice or otherwise." Under the rule heretofore adverted to, the Sutton mortgage, to constitute a sufficient basis for the right of redemption, must appear to have been valid as a matter of law, and properly of record, and such as to clothe Sutton with the right to resort to the specific property for the enforcement of his debt against all others. In other words, it must appear to have been a lien upon the property which all other credit-

ors were bound to respect. Did his mortgage constitute such a lien? The question must be answered in the negative.

Defendant contends: (1) That, though the tax was not paid, the mortgage nevertheless was valid between the parties, vesting in Sutton a lien upon the property; and (2) since it was recorded in fact, though prohibited by law, the validity of the record cannot be questioned by plaintiffs. Neither of these contentions can be sustained.

In our view of the principal question, it is not material whether the mortgage was valid as between the parties or not. The mere existence of a valid mortgage does not give the holder thereof the right of redemption as against prior or subsequent lienholders. To complete the right as against third persons, the mortgage must be of record, and evidence thereof produced to the officer when redemption is made. Sutton's mortgage was recorded in fact, but in violation of law. It was not entitled to record, and the statute declares that such a record shall have no "validity as notice or otherwise." Neither the mortgage nor the record thereof could be received in evidence to establish the right of redemption, for the statute further expressly provides: "Nor shall any such document, or any record thereof, be received in evidence in any court." Clearly Sutton had no lien upon the property which he could enforce as against third persons, and his attempted redemption was invalid and of no effect. Tweto v. Horton, 90 Minn. 451, 97 N. W. 128; Cogan v. Cook, 22 Minn. 137. That one who has redeemed from such a foreclosure may contest the validity of a lien under which a subsequent redemptioner claims the right to redeem has often been decided by this court. Brady v. Gilman, 96 Minn. 234, 104 N. W. 897, 1 L.R.A.(N.S.) 835, 113 Am. St. 622; Hughes v. Olson, 74 Minn. 237, 77 N. W. 42, 73 Am. St. 343. So that, since Sutton had no lien upon the property, valid as to third persons, it is not important that his mortgage may have been valid as against the mortgagor.

Nor does the indorsement made by the county treasurer upon the mortgage, that it was not subject to the tax, change the legal aspect of the case. Such certificate does not conclude either the state or plaintiffs. The statute must be construed as a revenue law, and force and effect given to all its provisions. The tax thereby imposed is defi-

nite and certain; the amount in each particular case being a matter of computation. Nothing is left to the decision of the county treasurer, and his conclusion that a particular mortgage is not subject to the tax is of no force or effect. His indorsement on the mortgage in question "Exempt from taxation," in no way changes the rights or liabilities of the parties. Thorp v. Merrill, 21 Minn. 336. The case of Forest Lake State Bank v. Eckstrand, 112 Minn. 412, 128 N. W. 455, was an equitable proceeding, not involving the rights of third persons, and is not here in point.

This covers all that need be said upon this branch of the case. We have treated the questions presented from the standpoint of the legal rights of the parties, and have passed without consideration counsel's argument dealing with asserted equitable features of the case. If there be any equitable matters of a nature to relieve Sutton, they may be presented on the trial of the action; but they are not here involved.

2. The statute was held constitutional in Mutual B. L. Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572, and was held to apply to mortgages of less than $100 in State v. Fitzgerald, 117 Minn. 192, 134 N. W. 728. The questions involved were fully considered in those cases, which we follow and apply without further discussion. The additional point made in the case at bar, namely, that the statute is unconstitutional because it does not impose the tax uniformly upon all members of the class of mortgages included within its provisions, or assess the tax in accord with the actual value of the security, is not sustained. The reasoning of the court in the Martin County case sufficiently covers the point, and requires no further discussion.

3. We are of opinion, and so hold, that the allegations of the answer to the effect that the statute was not legally enacted were properly stricken out. Our examination of the legislative journals, of which the court takes notice, discloses nothing fairly tending to sustain the claim that the statute was not read in the Senate before passage as required by the Constitution, or to overcome the presumption that it was regularly enacted. State v. City of Hastings, 24 Minn. 78; Miesen v. Canfield, 64 Minn. 513, 67 N. W. 632.

Orders affirmed.