EDWARD F. BERKNER and Another v. DUDLEY G.
D'EVELYN.

EDWARD F. BERKNER and Another v. WILLIAM SCHMITT.

EDWARD F. BERKNER and Another v. MARTIN SHERMAN.[1]

October 25, 1912.

Nos. 17,862—(68).

**Record of chattel mortgage — defective execution — notice.**

A chattel mortgage running to a copartnership was witnessed by one of
the copartners, but the fact that the witness was a copartner did not appear
upon the face of the mortgage. As so executed it was filed in the proper
office. *Held*, following Bank of Benson v. Hove, 45 Minn. 40, that, since the
defect in the execution of the instrument did not appear upon its face, the
record thereof was constructive notice to persons dealing with the mort-
gaged property.

**Sale of mortgaged chattels — waiver of lien.**

The sale of mortgaged personal property at public auction under an ar-
rangement between the mortgagor and mortgagee, though not as a foreclosure
of the mortgage in accordance with the statutes, but in good faith for the
purpose of raising funds to discharge the mortgage debt, and without pur-
pose to defraud subsequent mortgagees, does not constitute a waiver of the
rights of the mortgagee as against a second mortgagee of the same property.

**Action by junior mortgagee — defense of senior mortgagee.**

The first mortgagee, or purchasers of the property at such sale, may
interpose the first mortgage in defense to an action by the second mort-
gagee, in which a wrongful sale of the property is charged.

Three actions in the district court for Brown county, one to re-

[1] Reported in 137 N. W. 1097.

cover possession of a sorrel mare or $200, her value, one to recover possession of a gray mare or $175, her value, and one to recover possession of a bay mare or $175, her value, in case of nondelivery, and $50 in each action for the detention. The answer in each case alleged that at the commencement of the action plaintiffs took possession under the writ of replevin and ever since retained possession of the animal; that her value during such time was $75, and demanded her value and $75 in addition for her detention. The reply in each case was a general denial. . The cases were tried together by consent of the parties before Pfau, J., who made findings in each case, and as conclusion of law ordered judgment in favor of each defendant for the return of the property or, in case return could not be made, for the value of the mare. In the D'Evelyn and Schmitt cases the court also ordered judgment for $25 in favor of defendant for the detention. From orders denying their motions for new trials, plaintiffs appealed. Reversed.

*Somerville & Hauser* and *Brown, Abbott & Somsen,* for appellants.

*Edward C. Farmer, Aug. G. Erickson, L. G. Davis* and *C. T. Howard,* for respondents.

BROWN, J.

Three separate actions were brought in the court below to recover the possession of certain personal property. They were consolidated and tried together before the court without a jury. Judgment was ordered for defendant in each action and plaintiff appealed from an order denying a new trial.

The facts briefly stated are as follows: One Curtright was the owner of certain personal property, including that involved in these actions, and executed to one Cunningham a chattel mortgage thereon to secure the payment of about $2,000. The mortgage was duly executed and filed in the proper town clerk's office. Thereafter Curtright executed to plaintiffs another or second mortgage upon a part of the property so mortgaged to Cunningham, being that here in controversy, to secure the sum of $398. This mortgage was expressly made subject to the Cunningham mortgage. The mortgage

was filed with the town clerk. Thereafter, and at a time when both mortgages were due and unpaid, the mortgagor, Curtright, at the instance and co-operation of Cunningham, the mortgagee, made a sale of all the property at public auction, and received therefor at such sale about $1,600, applying the same upon the Cunningham debt. Though notice of the sale was given by posting notices thereof in various public places, the sale was not had in foreclosure of the Cunningham mortgage, and no claim is made that the proceedings were conducted for that purpose. Each of the defendants herein separately became a purchaser of the part of the mortgaged property at that sale. On the claim that the sale, not having been conducted as a foreclosure of the Cunningham mortgage, was without authority, in violation of plaintiffs' rights as second mortgagees, and in effect a conversion of the property, plaintiffs brought this action to recover the property or its value. The trial court made findings covering various phases of the case, but the one point which resolved the case against plaintiffs was the finding that their mortgage was not executed in the manner required by statute to entitle it to record, and that the filing thereof was not constructive notice to defendants. Whether the court was right in that conclusion presents the principal question on this appeal. We come directly to that question.

Plaintiffs' mortgage was in the usual form of such instruments and designated the copartnership name, "Berkner Bros." as mortgagees. One of the witnesses to the execution of the mortgage was Edward F. Berkner, who was a member of the firm, but that fact did not appear upon the face of the mortgage. The trial court held that a member of the firm was disqualified as a witness, and for this reason that the mortgage was not executed in conformity with the statutes and, though filed, was not constructive notice to third persons, and not binding upon defendants.

Section 3461, R. L. 1905, provides that every mortgage of personal property shall be void unless given in good faith, and accompanied by an immediate change of possession of the things mortgaged, or filed in the proper office. Section 3462 provides that every such mortgage, "when executed in the presence of two at-

testing witnesses and duly acknowledged," may be filed with the clerk or recorder of the town or municipality in which the mortgagor resides.

The contention in this case is that since the plaintiffs' mortgage was not attested by two competent witnesses it was not executed in conformity with the statute and, therefore, not entitled to record and, though filed in the proper office, was not constructive notice to third persons.

If the defect in the execution of the mortgage appeared upon the face of the instrument, the soundness of defendant's position could not be questioned. Tweto v. Horton, 90 Minn. 451, 97 N. W. 128. The authorities are practically uniform in so holding. But there is a diversity of opinion in cases, like that at bar, where the defect, whether in the acknowledgment or in the lack of proper attesting witnesses, does not appear upon the face of the instrument. A large number of respectable courts hold that when the instrument is fair upon its face, though there be a latent defect, the record thereof constitutes constructive notice under the recording acts. Read v. Toledo, 68 Oh. St. 280, 67 N. E. 729; Fisher v. Porter, 11 S. Dak. 311, 77 N. W. 112; Ogden v. Mensch, 196 Ill. 554, 63 N. E. 1049; Morrow v. Cole, 58 N. J. Eq. 203, 42 Atl. 673; Blanton v. Bostic, 126 N. C. 418. Other courts take the opposite view and hold that the defect, though not apparent upon the face of the instrument, may be shown by extrinsic evidence and the effect of the record overcome. Donovan v. St. Anthony, 8 N. Dak. 585, and authorities there cited.

We think the question was definitely settled in this state in favor of the rule first above stated in Bank of Benson v. Hove, 45 Minn. 40, 47 N. W. 449. In that case the chattel mortgage was acknowledged before a notary public who was an officer and stockholder of the mortgagee, a corporation. The court there held that the law forbids that the acknowledgment of such instruments should be taken before a party to the same, or by one who takes some interest under it, whether as a grantee, mortgagee, partner or trustee, but that since the disqualification of the notary did not appear upon the face of the instrument the mortgage was entitled to record and constituted

constructive notice to third persons. The rule there laid down has since been acted upon as expressing the law of this state, and has been followed and applied in later cases and by other courts. 3 Notes to Minn. Cas. 440. There can be no difference of a substantial nature between a mortgage thus improperly acknowledged and one witnessed by an interested party, where the fact of interest and consequent disqualification does not appear on the face of the mortgage. If there be any difference from a legal standpoint it would seem that the improper witnessing was of less significance than the unauthorized acknowledgment. But from a logical standpoint there is no difference between the two situations. We follow and apply therefore the rule laid down in the Bank of Benson case, and hold that defendant's mortgage was constructive notice to all persons dealing with the mortgaged property. The defective execution of the mortgage appeared upon the face of the instrument in Tweto v. Horton, supra.

The trial court having proceeded upon the conclusion, as we understand the record, that plaintiffs' mortgage was invalid as notice, the further findings upon other questions in the case were unnecessary. Without standing as second mortgagees, plaintiffs' action failed and they were not entitled to recover. What the further findings would have been, and what disposition the court would have made of the case, had the court held the mortgage valid can, on the record before us, only be a matter of speculation on our part. We deem it therefore inadvisable to attempt to determine the other questions presented and discussed in the briefs. The case should go back for a new trial upon the correct theory of plaintiffs' position as second mortgagees.

We may say, however, in taking leave of the case, that the Cunningham mortgage was not waived by the arrangement for the sale of the property in the manner heretofore stated. If the sale was made in good faith and without purpose to defraud second mortgagees, the mortgage still remained a subsisting first lien, and since defendants purchased a part of the property at the sale they became subrogated, pro tanto, to the rights of Cunningham thereunder. The proceeds of the sale were paid to Cunningham, and were insufficient to discharge the debt in full. National Citizens' Bank v. Ertz, 83

Minn. 12, 85 N. W. 821; Faeth v. Leary, 23 Neb. 267, 36 N. W. 513; Dempster v. Wright (Neb.) 95 N. W. 806. Plaintiffs were second mortgagees and they probably had the right to insist that the first mortgage be foreclosed in the manner provided by statute. But the irregular sale did not destroy the rights of the first mortgagee. The remedy of a second mortgagee in such a case is an action in replevin or trover, with the right to recover the property subject to, or the value thereof over and above, the obligation secured by the first mortgage. But since the trial proceeded below upon an erroneous theory of the law, as to plaintiffs' mortgage, we pass without further consideration the several questions discussed in the briefs, and remand the cause for a new trial.

Order reversed.