8436

THERESA ABADIE

Vs No. 8436

ORLEANS-KENNER TRACTION CO.

May 8th, 1922.

*Court of Appeal*
PARISH OF ORLEANS
FILED MAY 6/22

8436

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff laid her hands upon wires charged with electricity and was injured; hence this suit. She alleged that in October 1920 she was a visitor at the home of Peter Meisberg, which is situated near the right of way of the Orleans-Kenner Traction Co.; that while at said home she went to the back fence and caught hold of it for the purpose of looking over the same; that said fence is made of chicken wire; that she then and there received a severe shock of electricity which burned both of her hands severely and necessitated her being taken to the hospital for treatment; that said wire fence became charged with electricity in the following manner; a guidewire of defendant company attached to a telegraph pole crosses the property of Peter Meisberg and holds the main feed wire; that owing to faulty construction said guidewire became loosened from the main feed wire and dropped upon the fence of Peter Meisberg; at another point said guidewire touched the live wire which operates the signal system of defendant company; that the wire fence thus became charged with electricity thus causing the injury to petitioner; that it was negligence, to construct wires over private property of Peter Meisberg; that petitioner suffered severe pains during a period of two weeks; that she went to the hospital three times a week for treatment; and that scars remain upon her hands; that she was unable for a period of one month to perform her regular work and lost her salary amounting to $64, and that by reason of her physical and mental anguish she is entitled to $936 more.

41

The defendant pleaded a general denial, and alleged
"that if plaintiff was injured it was due to her own
contributory negligence",
and further alleged that it
"is not responsible for anything that might have happened due to an act of God or conditions beyond its
control".

Accompanied by written reasons, the trial judge rendered judgment in favor of plaintiff for $500. From this judgment
the defendant has appealed.

The plaintiff, by sufficient testimony, has supported
the allegations of her petition.

The cause of the accident is thus given by an employee
of the company:
"The wire shook when the car came around the curve,
and it broke loose and pulled away from the trolley-wire".
A lineman of the company thus expains the cause:
"Well, the shaking of the wire caused the clamp to
let go, and the wire fell x x the trolley fits on the
wire with a clamp".

A clamp or clasp is any instrument or contrivance used
to hold two things together.

The company's argument is that all the wires and materials at this curve had been renewed within the last two months,
and that if any of them proved defective it was not their fault,
but an act of God beyond their control. It has been held that
if latent defects exist in materials used by carriers, not discoverable by close inspection, that the carrier is not liable if
they break. 114 La. 981 (995); 42 A. 673; 10 C. J. 955; 29 Cyc
473.— 29 a 791 —

The law was thus stated in Jackson vs Natchez Ry. 114
La. 995:

"The defendant will have to be held liable in connection with said bridge, unless it can show that the bridge as originally constructed was as safe as the highest degree of practical care and skill could make a bridge of that class, and that, to the fullest extent that the highest degree of care and foresight could suggest, it was inspected for discovering and remedying any defects that might have developed in it from the operation of the road or other causes, and in case the defect was latent in the material, then that the material was tested before being put in position".

In the case before us, there was no latent defect in the materials. But the clamp was deficient or insufficient or had been adjusted in an awkward manner, and the defect had

"developed in it from the operation of the road". This was a clear case of negligence, *121 La 176; 128 La 968*

*116 La 1033* "The general rule seems to be that negligence will be presumed from the sagging or breaking of electric wires". 29 Cyc 594 (C). *21 S. W. 1059 - 321; 46 N.Y. Supp*

In the case of Moren vs N. O. Railway and Lt. Co. 125 La. 944, the Supreme Court said on p 959:

"The duty which every one owes to so use his own as not to injure another;and where that which one uses is an agency of an extraordinarily dangerous character, the law throws upon the user the burden of the greater care". 21 Am. & E. L. p 466; 20 C. J. p 360; 116 La. 1033.

The plea of contributory negligence is not sustained. The burden of proof was upon the defendant. 145 La. 334, (338); 112 La. 599; 29 Cyc 601 (b); 20 C. J. 383. The plea is based upon the testimony of an employee of the defendant Company who testifies that he saw the dangling wire, and that when the plaintiff approached the fence he halloed to her:

"Don't touch nothing around here because it is hot";
she didn't pay any attention; she grabbed hold of the wire
fence and she got a shock." The plaintiff says that this em-
ployee, who is sixteen years old, was inside of the house at the
time she jumped on the fence, and that

"he did not say anything to her". *44a 696 -*
At any rate this employee's words were not sufficiently explicit
to warn her of the danger, otherwise we cannot presume that the
plaintiff would have knowingly exposed herself to the danger.

> "The Courts generally hold that the presumption is
> that the person injured was in the exercise of due care,
> basing the presumption on the natural instinct of pre-
> servation". 29 Cyc 596.

The amount of damage is the only remaining question.
Although, as is customary in such cases, the plaintiff exaggerates
the extent of her sufferings, the fact is that she did suffer,
and that there are scars on her fingers which the trial judge
saw. There was no witness to contradict the plaintiff's testi-
mony. Both of her hands were bandaged for one week, and she
was kept from her work for four weeks.

The amount allowed by the trial judge is not shown to
us to be excessive, and under repeated decisions, we leave the
responsibility with him. 116 La. 1033; 123 La. 615. *39a 800*
*41a 1041 - 50a 635 - 104 La 634 -*
*122 La 441 - 131 La 915 - 132 La*
*188 - 140 La 629* Judgment affirmed. *46a 1429 -*
*45a 1202* May 8th, 1922. *115 La 483 -*
*116 La 1033 - 126 La 594 -*