## In re WILSON.

(District Court, D. Minnesota, First Division. June 14, 1926.)

1. **Bankruptcy ☞184(2⅛)—Chattel mortgagor's bankruptcy trustee has rights of lien creditor as respects unrecorded or improperly recorded chattel mortgage.**

As respects unrecorded or improperly recorded chattel mortgage, chattel mortgagor's bankruptcy trustee is in position of creditor having lien.

2. **Chattel mortgages ☞150(2)—Chattel mortgagor's residence, as respects proper place of filing mortgage to create notice, is determinable from evidence (Gen. St. Minn. 1923, § 8346).**

Question of chattel mortgagor's residence is to be determined from facts and circumstances shown by the evidence, on issue of place where chattel mortgage must be filed, under Gen. St. Minn. 1923, § 8346, to constitute constructive notice, in view of sections 8364, 8370.

3. **Evidence ☞353(3)—Recital in chattel mortgage that mortgagor was "of" certain city held no evidence that he resides therein, as respects filing (Gen. St. Minn. 1923, § 8346).**

Recital in chattel mortgage that mortgagor was "of Minneapolis" is not evidence that he resides in such city, within Gen. St. Minn. 1923, § 8346, requiring chattel mortgages to be filed in city where mortgagor resides.

4. **Bankruptcy ☞303(3)—Finding that bankrupt chattel mortgagor was not resident of city in which mortgage was filed held warranted (Gen. St. Minn. 1923, § 8436).**

Evidence *held* to warrant finding that bankrupt chattel mortgagor of automobile was not a resident of the city in which mortgage was filed, and that therefore, under Gen. St. Minn. 1923, § 8436, filing of mortgage did not give constructive notice, so as to bind bankruptcy trustee.

In Bankruptcy. In the matter of Erven J. Wilson, bankrupt. On petition of the Universal Investment Company to review an order of the referee disallowing petitioner's claim as a lien claim, and holding that peti-

tioner was merely a general creditor. Order confirmed.

Sam Margulies, of Minneapolis, Minn., for petitioner.

Phillips & Lindmeier, of Lake City, Minn., for trustee.

JOHN B. SANBORN, District Judge. On the 27th day of August, 1925, the bankrupt executed a chattel mortgage to the petitioner covering a 1922 Buick roadster, to secure a promissory note in the sum of $175; $87.50 due one month after date, and $87.50 due two months after date. The bankrupt is referred to in this mortgage as "of the city of Minneapolis, Minnesota," and the chattel mortgage was recorded with the city clerk of that city, in accordance with the provisions of section 8346, General Statutes 1923. On the appointment of the trustee in bankruptcy, he took possession of the automobile covered by the chattel mortgage. The mortgagee applied for an order directing the trustee to surrender its possession to it, and, upon an order to show cause why the prayer of the petition should not be granted, the referee tried the issues and filed his findings of fact and conclusions of law, and denied the prayer of the petition.

[1] Briefly, the referee finds that Erven J. Wilson, the bankrupt, was a resident of Lake City at the time he made the chattel mortgage, and not a resident of Minneapolis, and that, for that reason, the chattel mortgage was not notice to any one, and that the mortgagee is in no different position than any other creditor. It is, of course, well established that, as to an unrecorded or improperly recorded chattel mortgage, the trustee is in the position of a creditor having a lien. Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841.

The statute above referred to requires that a chattel mortgage shall be filed with the clerk or recorder of the town or municipality in which the mortgagor resided at the time of its execution, if a resident of the state, or of that in which the property was then situated, if a nonresident. This section is now only applicable to cities of the first class, which includes the city of Minneapolis; section 8364, which provides for the filing of chattel mortgages with the register of deeds of the county in which the personal property is situated, being, by section 8370, excepted from application to cities of the first class and counties wherein the salary of the register of deeds is fixed by special law.

If the bankrupt was a resident of Minneapolis at the time he made the chattel mortgage, it was properly recorded. If he was a resident of Lake City, as found by the referee, it was improperly recorded and not notice. The evidence, of which the referee took the minutes, would have justified a conclusion that Wilson was a resident of Minneapolis, and it justifies the conclusion that he was not. He had apparently lived in Minneapolis prior to his going to Lake City in the fall of 1924. He was a single man, moved his belongings, clothing, and automobile to Lake City, and roomed there. In the summer of 1925, he executed a chattel mortgage to the Lake City Bank of Minnesota on this same automobile, setting up his residence as Lake City, and that mortgage was filed in Wabasha county. He rented a building in Lake City and used it from February 14, 1925, to August 29th of the same year. He retained possession of the building after that time. He kept his room in Lake City during all the time here in question. He claims to have changed his residence to Minneapolis during the last days of July, 1925, and says that he opened an office there in August in the Lumber Exchange, and was having stock food made in Minneapolis for him; that he was receiver for a concern there, and connected with the Duroc Digest, which was in the hands of a receiver at Minneapolis. In the latter part of October, 1925, he returned to Lake City. He says that during August and September he considered himself a resident of Minneapolis, and was in Minneapolis during that time more than he was in Lake City; that the last week in August and the first two weeks of September he spent in Minneapolis. He also stated that he considered Lake City his home, but expected to go into business in Minneapolis and settle down there. There is evidence to show that he was in Lake City a week before August 29th, and that, after August 29th, he was seen there the following Monday.

[2] The question of his residence is to be determined from the facts and circumstances shown by the evidence. In the case of Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L. R. A. (N. S.) 1100, the court said: "Whether a departure from an established domicile in this state and a residence in some other state results in the abandonment of the same as a legal residence depends upon the circumstances surrounding each particular case." See, also, Lawson v. Adlard, 46 Minn. 243, 48 N. W. 1019, and Keller v. Carr, 40 Minn. 428, 42 N. W. 292, in which case the court said that, in determining the question as to whether a residence has been abandoned, there should be considered, not only the duration of the absence, but its nature and pur-

pose. In Grimestad v. Lofgren, 105 Minn. 286, 117 N. W. 515, 17 L. R. A. (N. S.) 990, 127 Am. St. Rep. 566, the court held that, to effect a change of residence, there must be both intention and the act.

[3] The recital in the chattel mortgage itself that Wilson was "of Minneapolis" is not evidence that that was his residence. Nickerson v. Wells-Stone Mercantile Co., 71 Minn. 230, 73 N. W. 959, 74 N. W. 891; Tweto v. Horton, 90 Minn. 451, 97 N. W. 128.

[4] The evidence is sufficient to support the findings and conclusion of the referee, and his order is confirmed.